in interest as permits him to file specifications objecting to the discharge of the bankrupt. In re Servis (D. C.) 140 Fed. 222, 15 Am. Bankr. Rep. 271."

And the report was confirmed. If the specification was true, there was no occasion to oppose the discharge, as it did not affect the claim, as such claim is excepted from the discharge. But whether it was true was a matter for determination elsewhere. Such was the practice in Tinker v. Colwell, 193 U. S. 473, 24 Sup. Ct. 505, 48 L. Ed. 754, and such is the rule. In re Marshall Paper Co., 102 Fed. 872, 43 C. C. A. 38. The federal court determined nothing. The occasion for examining the matter has now arisen. The inquiry is whether the judgment roll shows that the judgment is based on a claim not dischargeable in bankruptcy, and so falling within the exception in the certificate of discharge. Matter of Benoit, supra, 124 App. Div. 144, 108 N. Y. Supp. 889; Burnham v. Pidcock, 58 App. Div. 273, 276, 68 N. Y. Supp. 1007. So we turn to the record, and find an agreement alleged in the complaint, a breach of it, not of duty growing out of a fiduciary relation, and it also appears in the present record that there was a trial by jury and a balance found due.

The order should be affirmed, with $10 costs and disbursements. All concur.

---

RIDGE OF BROOKLYN REALTY CO. v. OFFERMAN et al.

(Supreme Court, Appellate Division, Second Department. March 8, 1912.)

1. MORTGAGES (§ 289*)—SALE OF PART OF MORTGAGED PREMISES.

On conveyance of part of mortgaged premises as free from incumbrance, the part remaining must be first subjected to the mortgage; and, if the mortgagee release that, he discharges the mortgage to the extent of the value of the land released.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 789; Dec. Dig. § 289.*]

2. MORTGAGES (§ 290*)—SALE OF PART OF PREMISES.

The owner of two lots covered by a mortgage exchanged the north lot for K.'s land, the deeds mutually covenanting against incumbrances; but the owner, discovering that K.'s land was incumbered, refused to procure the release of the north lot. The owner, with the consent of the mortgagee, conveyed the south lot in a deal which procured the release of K.'s land from its incumbrance. K. became insolvent, and the mortgagee sued to foreclose the mortgage on the north lot, making K.'s judgment creditors parties defendant. *Held*, that plaintiff was entitled to a decree, the sale of the south lot not releasing the north; the rule as to satisfaction of the mortgage by sale in inverse order of alienation not applying.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 791–805; Dec. Dig. § 290.*]

Action by the Ridge of Brooklyn Realty Company against John Offerman and others for foreclosure of a mortgage. Judgment for plaintiff.

The following is the opinion of Blackmar, J., in the lower court:

On May 31, 1905, the mortgage in question was made by the Frederick W. Rowe Company, incorporated, hereinafter called the Rowe Company, to

Elijah T. Rowe, John H. Rowe, and Frederick W. Rowe. Its amount was $3,800, and it was due in one year. The mortgage covered two gore-shaped parcels of real property, both on Kingston avenue, but on different sides of Carroll street. For convenience we will call the one on the north side of Carroll street, which this action was brought to foreclose, parcel No. 1, and the one on the south side of Carroll street parcel No. 2. On November 8, 1906, the Rowe Company conveyed parcel No. 1 to the Kingston Realty Company by a deed containing a covenant that it was free from incumbrances, and at the same time the Kingston Realty Company conveyed other parcels to the Rowe Company by a deed containing a covenant that they were free from incumbrances. The transaction was an exchange, in which no consideration but the mutual conveyance passed, and both parcels were to be, and were in terms, conveyed free and clear. The Rowe Company arranged for a release from the holders of the mortgage in question, and, but for the absence of one of the parties, would have delivered it at the time of passing title. When it transpired, however, that the parcel conveyed by the Kingston Company was subject in part to a mortgage for $19,000, covering also other property, the Rowe Company refused to deliver the release. In April, 1907, the defendant John Offerman obtained a judgment against the Kingston Realty Company for $5,151.54, which was docketed and became a lien on parcel No. 1 on September 27, 1907. The defendants John Offerman, Lena M. Rasch, and Anna C. Schmidt also obtained a judgment against the Kingston Realty Company, which was docketed and became a lien on parcel No. 1 on November 18, 1907. The Kingston Realty Company was insolvent on September 27, 1907, and on that day was adjudicated a bankrupt, although the adjudication was reversed on appeal on the ground that it was not a trading company.

Subsequently, pursuant to an arrangement made between the Rowe Company, the mortgagees, the plaintiff, and one William F. Collins, its president, the Rowe Company conveyed parcel No. 2 to Collins by a deed stating that it was subject to the mortgage, and the mortgagees assigned the mortgage to the plaintiff. Collins, for the plaintiff, paid to F. W. Rowe, one of the mortgagees, the sum of $3,800, and procured the release of the land deeded by the Kingston Realty Company to the Rowe Company from the lien of the $19,000 blanket mortgage. The plaintiff immediately thereafter released parcel No. 2 from the lien of the mortgage in question, leaving it a lien only on parcel No. 1, the title of which was in the Kingston Realty Company, and which was also incumbered by the said judgments of the defendants Offerman, Rasch, and Schmidt. On June 23, 1909, the plaintiff began the foreclosure of this mortgage against parcel No. 1, making the judgment creditors of the Kingston Realty Company parties defendant. The judgment creditors answered, claiming that, on the conveyance of parcel No. 1 to the Kingston Realty Company, parcel No. 2 became primarily chargeable with the payment of the mortgage, and that the release of parcel No. 2 by the act of the mortgagee with knowledge of the facts operated as a discharge of parcel No. 1 from the lien of the mortgage.

[1] It may be stated as a general rule that where a mortgagor conveys a part of the mortgaged premises, covenanting that it is free from incumbrances, it is equivalent to an agreement that the remaining portion shall be devoted to the payment of the mortgage, and the mortgagee, having knowledge of this situation, is bound to respect it. In such a case the land should be sold to satisfy the mortgage in the inverse order of alienation. If the mortgagee, knowing the facts, releases the remaining land, it is equivalent to the discharge of the mortgage to the extent of the value of the land so released. This rule is a branch of the equitable doctrine of marshaling assets. The object of the rule is to preserve the relative rights of the grantor and grantee of the land; and it is never applied, except in situations where its enforcement will not injure the mortgagee. Generally it is a matter of indifference to the mortgagee as to which portion of the security he will first resort. The rule of law, therefore, requires him so to proceed as to preserve the rights of the different parties who have interests in the security subject to his mortgage. The rule is not an arbitrary one, and is never enforced, except in the interest of justice and equity. The enforcement of the rule is never permitted to interfere with the legal rights of the mortgagee, but at the most it

controls the method or order in which his rights may be enforced, and forbids him to wantonly disregard the equitable rights of others of which he has knowledge.

In this case the Rowe Company, the mortgagor, conveyed a portion of the land to the Kingston Realty Company by a deed containing a covenant against incumbrances. The mortgagee and his assignee, the plaintiff, knew the facts, and yet the assignee for a nominal consideration released the remaining land covered by the mortgage. These facts call for the application of this doctrine, unless other facts exist which make it inequitable to apply it. I think such facts do exist. The Rowe Company and the Kingston Realty Company agreed to exchange gores of land, each to convey free and clear from all incumbrances. Both parcels were incumbered, the Rowe property by the mortgage in question, and the Kingston Realty property by a blanket mortgage for $19,000, covering also other property. The deeds, both containing covenants against incumbrances, were mutually delivered; but the respective mortgages were neither released nor discharged. The Rowe Company had secured a release from the mortgagees for delivery pursuant to the contract, but, finding that the premises conveyed to them were incumbered, refused to deliver it. The situation then was that each of the parties were liable to the other for a breach of the covenant against incumbrances. Each party had a right of action against the other, and each party had a defense or counterclaim growing out of the same transaction. In this situation the Kingston Realty Company became insolvent. If the application of this doctrine would result in enforcing the Rowe Company's covenant against incumbrances, leaving them with a barren claim against an insolvent corporation, it would be unjust. This is exactly what it would do.

[2] Assuming, without deciding, that the judgment creditors have the same right to invoke the doctrine that the Kingston Realty Company has, yet they certainly have no greater right. The basis of the right to invoke the doctrine is that the Rowe Company conveyed the land covenanting that it was free and clear. The effect of applying the doctrine is to specifically enforce this covenant, for it throws the burden of the mortgage on the other parcel. But the Rowe Company had a defense against this cause of action, or at least a counterclaim growing out of the breach by the Kingston Realty Company of its covenant that the land, conveyed by it to the Rowe Company was free and clear. Would any court compel the Rowe Company to specifically perform its portion of the agreement of exchange, by clearing the mortgage from the parcel which it was to convey, without also requiring the other party to the contract to perform its obligation? I think not. No more will the court do this indirectly by the application of a rule never invoked, except to secure justice and to preserve equitable rights. If the assignee of the mortgage is chargeable with knowledge of those facts which, taken separately, would require the application of the rule, it also knew the other facts which rendered the rule inapplicable. It therefore violated no rule of law or equity when it did what it pleased with its own security.

To go a little further into the facts, it appears that the Rowe Company practically conveyed parcel No. 2 to Collins as the consideration for the release from the mortgage of the land which the Kingston Realty Company had agreed to convey free and clear. The effect of declining to apply this doctrine is to throw upon the land of the Kingston Realty Company, or its successors, these defendants, judgment creditors, the just burden of clearing from the $19,000 mortgage the land which the Kingston Realty Company agreed to convey free and clear.

Judgment for the plaintiff, with costs, and an allowance of 2½ per cent. Let the plaintiff present findings in accordance with this opinion.

Argued before HIRSCHBERG, THOMAS, CARR, WOODWARD, and RICH, JJ.

William H. Hamilton, for appellants.
Pavey & Harper (Theron A. Clements, of counsel), for respondent.

PER CURIAM. Judgment affirmed, with costs, on the opinion of Mr. Justice Blackmar at Special Term.