REED et al. v. TOM. (No. 2116.)

Court of Civil Appeals of Texas. El Paso.
Jan. 26, 1928.

Rehearing Denied Feb. 23, 1928.

1. Vendor and purchaser ☞260(1), 279—Vendor's lien was prior to subsequent oil lease, and lessees were properly joined as parties defendant in suit to foreclose vendor's lien.

In action on notes given in part payment of purchase money for land, secured by vendor's lien, seeking recovery for balance due and foreclosure of lien, *held* that interest in land acquired by oil lease from purchaser subsequent to sale was subject to the vendor's lien, and parties acquiring such interest were properly joined as parties defendant so as to foreclose plaintiff's lien against them.

2. Cancellation of instruments ☞37(1)—Petition by holder of purchase-money notes, seeking foreclosure of vendor's lien, held not to state cause of action for cancellation of oil lease by purchaser.

Petition by plaintiff holding purchase-money notes secured by vendor's lien, seeking recovery for balance due on notes and foreclosure of vendor's lien, did not state cause of action for cancellation of oil and gas lease made subsequent to sale by purchaser.

3. Vendor and purchaser ☞280(1)—Petition showing right to foreclose vendor's lien, though not stating cause of action to cancel lease, held not generally demurrable.

Where petition by plaintiff holding purchase-money notes secured by vendor's lien failed to state cause of action for cancellation of oil lease, but showed right to foreclose vendor's lien against lease, petition was not subject to general demurrer.

4. Appeal and error ☞518(4)—Erasure of part of petition, to be reviewable, must be shown by bill of exception.

Alleged error in permitting erasure from petition by attorney for plaintiff must be shown by bill of exception to be reviewable.

5. Appeal and error ☞1041(2)—Erasure by plaintiff of part of request for relief, not properly pleaded under petition, if done, was not reversible error.

In suit to foreclose vendor's lien and to cancel lease made by purchaser, erasure by plaintiff of request for cancellation of lease, which relief could not have been granted under petition, if done, was not reversible error.

6. Vendor and purchaser ☞287—Purchaser could not, by mineral lease, withdraw minerals from vendor's lien, and failure to order sale of surface rights separate from mineral interests on foreclosure of vendor's lien was not error.

Execution of mineral lease by purchaser of land could not withdraw minerals from vendor's lien or impair security of lien without consent of lienholder, and hence court did not err in failing to order sale of surface right to land separate from mineral interest, in suit to foreclose vendor's lien.

7. Liens ☞15—As between owner and grantee, part of land retained by owner becomes primarily liable for prior lien.

Where owner of land incumbered by lien conveyed severable interest in land or distinct parcel thereof, interest retained, in absence of intention of parties to contrary, becomes primarily liable for payment of lien debt as between owner and grantee, so that on foreclosure grantee may demand that interest remaining in grantor shall be first sold and that recourse on part purchased can be had only in case of deficiency.

8. Mortgages ☞290—Rule that part of land retained by owner becomes primarily liable does not apply to sale of mineral interest in mortgaged land.

Rule that, as between owner and grantee of part of land, part retained by owner becomes primarily liable for payment of lien on land, does not apply in case of sale of oil and gas interest in mortgaged land conveyed subsequent to execution of mortgage; mineral interests being inseparably connected with surface rights.

9. Liens ☞15—Rule that part of land retained by owner becomes primarily liable for prior lien does not apply when operating inequitably against lienholder.

Rule that, as between owner and grantee of part of land, part retained by owner becomes

primarily liable for payment of lien on land, is not arbitrary, and is never applied when it would operate inequitably against lienholder.

**10. Vendor and purchaser ⚖️285(2)—Judgment allowing recovery on purchase-money notes, foreclosing vendor's lien, adjudged superior to lease interests, held not incomplete or obscure.**

In suit by holder of purchase-money notes to recover balance due on notes and foreclose vendor's lien, judgment for plaintiff for amount of debt, adjudging claims under oil and gas lease inferior to plaintiff's lien and foreclosing lien, *held* not objectionable as incomplete and lacking clearness.

Error from District Court, Martin County; Chas. Klapproth, Judge.

Suit by Jim Tom against Allen Reed and others. Judgment for plaintiff, and certain defendants bring error. Affirmed.

Allen Reed, of Stanton, for plaintiffs in error.

B. Frank Haag, of Midland, for defendant in error.

HIGGINS, J. Defendant in error, Tom, brought this suit against R. D. Pollard, L. Standefer, Allen Reed, J. H. Burnam, B. P. Eidson, and J. N. Woody, upon certain notes alleged to have been executed by Standefer in favor of J. A. Murphy in part payment for a tract of land conveyed by Murphy to Standefer on November 22, 1923.

Material allegations of the petition are to the following effect, viz.: A vendor's lien to secure the payment of the notes was retained in the deed from Murphy to Standefer; Murphy transferred the notes and lien to Tom; the land had been conveyed by Standefer to Pollard, the latter assuming the payment of the notes sued upon; Reed, Burnam, Eidson, and Woody are claiming some interest in the land by virtue of an oil and gas lease from Standefer and wife to Reed, dated January 6, 1927, and subsequent assignments by Reed to Burnam, Eidson, and Woody. Recovery was sought for the balance due upon the notes against Standefer and Pollard and foreclosure of the vendor's lien and sale of the land, and "plaintiff further·prays that his vendor's lien as it existed November 22, 1923, be declared superior to the right and claim of the defendants Allen Reed, J. H. Burnam, B. P. Eidson, and J. N. Woody *(and that the oil and gas lease contract and assignment upon which said defendants claim be canceled,. annulled, and held for naught),*" and for general relief. Reed, Burnam, and Eidson filed plea of misjoinder of parties and causes of action and plea in abatement, and answered to the merits by exceptions, general and special, and special defenses which need not be stated in view of the fact that the record contains neither statement of facts nor bills of exception.

Judgment was rendered in favor of Tom against Standefer and Pollard for the balance due upon the notes sued upon; it was adjudged that the claim of Reed, Burnam, Woody, and Eidson under the oil and gas lease executed January 6, 1927, was inferior to and subject to Tom's lien, and the latter's lien as it existed on November 22, 1923, was foreclosed, and the land ordered sold by the sheriff and proceeds applied to the payment of the judgment in Tom's favor. Reed, Burnam, and Eidson prosecute this writ of error.

[1] The interest in the land acquired by plaintiffs in error was subject to Tom's lien, and they were therefore properly joined as parties defendant, so as to .foreclose against them the lien held by Tom.

[2, 3] Tom's petition did not state a cause of action for cancellation of the oil and gas lease, but did show a right of foreclosure against the lease; hence the petition was not subject to general demurrer.

[4, 5] The third assignment is that:

"The court erred, in permitting B. Frank Haag, attorney for plaintiff, to erase and interline from his petition, the words '(and that said oil and gas lease contract and assignment upon which said defendants claim be canceled, annulled, and held for naught).' "

There is nothing in the record to show the action complained of. It is asserted in the brief that such action was taken, but, if so, it must be shown by bill of exception. The portion of the petition referred to in the assignment appears in record underscored, and in parenthesis. It does not appear to have been erased. But, if such action·was taken, it presents no reversible error. ·

[6] Complaint is made of the failure of the court to order sale of the surface right to the land first and separate from the mineral interest acquired by plaintiffs in error. The execution of the mineral lease by Standefer could not withdraw the minerals from the vendor's lien or impair the security of the lien without the consent of the lienholder.

[7] The rule is that, where the owner of land incumbered by lien conveys a severable interest in the land or a distinct parcel thereof, the interest or portion retained, in the absence of an intention of the parties to the contrary, becomes primarily liable for the payment of the lien debt, as between such owner and his grantee, so that, upon foreclosure, the grantee has the right to demand that the interest or portion remaining in his grantor shall be first sold, and that recourse on the part purchased can be had only in case of deficiency. Miller v. Rogers, 49 Tex. 398; Rippetoe v. Dwyer, 49 Tex. 498.

[8, 9] But so far as we are advised the rule has never been applied to an oil and gas mineral interest in mortgaged land conveyed subsequent to the execution of the mortgage.

---

⚖️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Obviously a mineral interest is worthless unless the owner thereof have also the surface rights necessary to the enjoyment of such interest. We are of the opinion that an oil and gas mineral interest is so inseparably connected with the surface rights that the rule noted has no application. Furthermore, the rule is not an arbitrary one, and is never applied when it would operate inequitably against the lienholder. Ridge, etc., v. Offerman, 149 App. Div. 878, 134 N. Y. S. 788; 2 Jones on Mortgages (4th Ed.) § 1621.

[10] With respect to the fifth assignment, the court did not err in rendering judgment in Tom's favor against Standefer and Pollard, for the amount of his debt and foreclosure of the vendor's lien against all defendants superior to the mineral interest of plaintiffs in error. The judgment is not subject to the objection that it is incomplete and lacking in clearness.

This disposes of all assignments and propositions.

Affirmed.