## No. 2314.

### H. W. MOORE v. DAVID JORDAN ET AL.

1, PLEADING IN A JUSTICE'S COURT.—The statute (Rev. Stat., art. 1573), which permits parties to a suit in the court of a justice of the peace to plead orally, does not dispense with the necessity of forming in some way, the issues to be tried, a brief statement of which should be noted on the magistrate's docket.

2. PRACTICE—PLEADING.—When the record showed affirmatively that there were no pleadings made by the defendant in a suit for debt before a justice of the peace, it was error on appeal to hear evidence of payment.

3. SAME.—It would seem that the record would be sufficient to show the pleadings in a justice's court, if there appeared therein the brief statement required by the statute, either from the transcript of the justice's docket or that of the district court (when that court obtained jurisdiction), or by entry upon the minutes of the latter court, either independent of, or in the judgment itself.

APPEAL from Houston. Tried below before the Hon. Anson Rainey.

*Cooper & Moore,* for appellant, cited Revised Statutes, Article 1573, and subdivision 10 of Article 1266; Matossy v. Frosh, 9 Texas, 610; Gray v. McFarland, 29 Texas, 163–169; Willson's Condensed Reports, 132; Id., 761; Id., 132.

*Nunn & Denny,* for appellees.

GAINES, ASSOCIATE JUSTICE. This suit was originally brought by appellant against appellee in a justice's court to recover a bal-

ance of thirty-five dollars, alleged to be due on a promissory note and to enforce the lien of a chattel mortgage, executed to secure the debt. A judgment having been rendered against the defendants in the justice's court, an appeal was taken to the county court and the cause thereupon transferred to the district court by reason of the disqualification of the county judge. The defendants having obtained a judgment in the district court after a trial upon the merits, the plaintiff now appeals. There have been already two appeals to this court from judgments in suits growing out of the original case, but since they in no manner affect the present appeal they need not be noticed.

The original citation from the justice court and a copy of the note and mortgage appear with transcript; but the record nowhere discloses any plea on behalf of the defendants. Plaintiff testified to facts showing that defendant, David Jordan, had paid part of the indebtedness, but that a balance of thirty-five dollars and interest was still due.

The defendant named, testified to the payment of the note in full, but his testimony was admitted under a suggestion by the court and an agreement by counsel that since the cause was being heard without a jury, the evidence should be introduced, but none but legal testimony should be considered by the court. After its admission appellant objected to any evidence of payment being considered because defendants had not pleaded that or any other defense. The court, however, considered the evidence and gave judgment for defendants; and to this action appellant excepted, and now makes his exception the ground of an assignment of error.

We do not doubt that pleadings are as essential to make an issue in the justice court as in a court of record. The statutes provide, however, that they shall be oral (with certain exceptions), and that a brief statement thereof shall be noted on the docket. (Rev. Stat., art. 1573.) It is also declared that they may be amended in accordance with the rules governing amendments of pleadings in the district and county courts, so far as the same are applicable. (Rev. Stat., art. 1575.) These citations are sufficient to show that pleadings in the justice court are made essential to the formation of the issues to be tried, and that they are not to be dispensed with. This was in effect held by this court in the case of Maas v. Solinsky, ante, 290. (See also First National Bank v. Pritchard, 2 Willson's Condensed Reports, sec. 132.) The bill of exceptions states in so many words that

"there was no pleadings made by defendants," and we therefore think the court below erred in considering the testimony adduced to show a payment of the note.

It would seem that the record here would be sufficient to show the pleadings, if there appeared therein the brief statement required by the statute, either from the transcript of the justice's docket or that of the district court; or by entry upon the minutes of the latter court, either independent of or in the judgment itself.

This renders it unnecessary to consider the other assignment, that the judgment of the court is contrary to the weight of the evidence.

Because of the error pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered February 15, 1887.