## AUSTIN TERM, 1891.

McCORMICK HARVESTING MACHINE CO. v. I. S. SLOVER.

(No. 6955.)

APPEAL from Wise County.   Opinion by DAVIDSON, J.

SOWARD & MARTIN, counsel for appellant.

FULLER & TERRELL, counsel for appellee.

§ 236. *Failure of consideration; non est factum; pleas in nature of must be sworn to; cannot be urged for first time in county court on appeal.*   Suit was instituted by the appellant against the appellee in justice's court upon the following written instrument: "Boonville, Texas, May 19th, '86.   Wm. Chenowith — Sir: In regard to the Woodale reaper.   I will keep the reaper, and will pay all on it I agreed to pay, which is $120.   I will not go back on a fair trade on account of the weather. I want you to come Monday and set it up for me.   Yours respectfully, I. S. SLOVER."   Appellee obtained judgment in the justice's court, and again, on appeal thereto, in the county court.   Appellee furnished no pleadings in the justice's court, and none were noted on the docket of that court.   He filed no written pleadings in the county court.   Appellant's bill of exceptions No. 1 recites that defendant "denies his liability in this cause, and says that he never made an absolute and complete contract with plaintiff to purchase the property mentioned in plaintiff's pleadings, but says that he only agreed to take and pay for same when it was made to run by plaintiff, and did not agree to pay for it November 1, 1887, but when made to run; and that plaintiff had failed to make it run."   This plea was oral and not sworn to, and was

not made in the justice's court. This plea seems to partake of the nature of a plea of *non est factum*, as well as of the nature of a plea of failure of consideration. By the terms of our laws such pleas must be sworn to, unless the truth thereof appear of record. The record in this case does not show the truth of the plea, and the same is not sworn to. [R. S., art. 1265, subds. 8, 10; 2 Civil Cas. Ct. App., § 498; Railway v. Tisdale, 74 Tex. 8.] Appellant excepted to this plea because it was not sworn to as required by law, and the court overruled the exception. In this ruling there was error. [Authorities above cited.] Appellant also excepted to said plea because it, not having been made in the justice's court, could not be urged for the first time in the county court by appellee. This exception was also overruled. In this ruling the court also erred. [2 Civil Cas. Ct. App., §§ 457, 442, 625; White & W. Cond. Civil Cas., § 239.] Both exceptions were well taken and should have been sustained. It is believed that the disposition of the above complained of errors will dispose of the other questions raised by the brief on another trial in the court below, and they are not noticed here further than to say that they are well taken.

April 22, 1891.          Reversed and remanded.