### I. S. SLOVER v. McCORMICK HARVESTING MACHINE CO.

#### No. 2126.

1. **Appeal from Justice to County Court—Pleading New Matter.**

Upon appeal from a Justice Court to the County Court, the defendant may plead non est factum and failure of consideration in the latter court, although not pleaded in the court below.

2. **Same—Sworn Plea Must Be in Writing.**

Such pleas as non est factum and failure of consideration, which must be sworn to, cannot, it seems, be made orally, but must be in writing.

3. **Same—Construction of Statute.**

Article 316, Revised Statutes, which authorizes defendant to plead any new matter in the County Court, except a counter-claim or setoff, applies to cases removed to the County Court by appeal as well as by certiorari.

APPEAL from County Court of Wise. Tried below before Hon. J. T. JOHNSON.

*R. E. Carswell*, for appellant.—The court erred in sustaining plaintiff's second special exception to defendant's said answer and striking out the same upon the ground that the matters set up therein comes too late and could not be set up for the first time in the County Court upon appeal from the Justice Court. 1 Sayles' Civ. Stats., art. 316; Railway v. Klepper, 24 S. W. Rep., 569; Swinton v. Johnson, Id., 567; and authorities there cited; Gholston v. Ramey, 30 S. W. Rep., 713; Harrold v. Barwise, 30 S. W. Rep., 498; City of Dallas v. McAllister, 30 S. W. Rep., 452; Munn v. Edmiston, 29 S. W. Rep., 1115; Downtain v. Connellee, 21 S. W. Rep., 56; s. c., 2 C. C. App., 95; Texas, etc., Ry. Co. v. Jones, 23 S. W. Rep., 424.

*R. E. Carswell*, for appellee.—The court did not err in sustaining appellee's exception to appellant's answer setting up non est factum and

failure of consideration.   McCormick Harvesting Co. v. Slover, 16 S. W. Rep., 105, and authorities cited;  Ostrom v. Tarver, 28 S. W. Rep., 701; Harrison v. Railway, 15 S. W. Rep., 643;  Ostrom v. Tarver, 29 S. W. Rep., 69.

HUNTER, Associate Justice.—This is the third appeal in this case. The first was taken to the Court of Appeals when it had civil jurisdiction over cases appealed from the County Court.  See McCormick Harvesting Mach. Co. v. Slover, 16 S. W. Rep., 105.  The second appeal was to this court, the opinion being rendered on January 31, 1894, but not reported.

The suit had its origin in the Justice's Court, and was based upon a writing in the form of a letter, as follows:

"Boonville, Texas, May 19, 1886.

"Wm. Chenowith:

Sir—In regard to the Woodale reaper, I will keep the reaper, and will pay all on it I agreed to pay, which is one hundred and twenty dollars. I will not go back on a fair trade on account of the weather.  I want you to come Monday and set it up for me.

"Yours respectfully,

"I. S. Slover."

The defendant Slover seems to have offered no pleadings in the Justice's Court, or, at all events, the transcript of the justice's record fails to note any, though it seems from the recitals in the judgment that both parties were present and introduced evidence, and judgment was rendered in favor of the defendant.

The plaintiff company thereupon appealed to the County Court, and on the first trial there the defendant for the first time plead orally a plea in the nature of non est factum and of failure of consideration, and defeated the plaintiff again.  Thereupon the plaintiff company appealed to the Court of Appeals, and that court reversed the judgment upon the grounds, (1) that the pleas were oral and not sworn to, (2) that said pleas were not made in the Justice's Court.  The case was again tried in the County Court, and again without written pleadings.  In this state of the record the judgment was reversed by this court solely on the ground that the evidence did not sustain the verdict, and the cause was remanded for a new trial.

The case now comes before us in an entirely different shape.  The defendant filed written pleadings in the County Court, setting up a general denial, non est factum, and also failure of consideration, in that plaintiff agreed to set up said reaper and make it do good work, and defendant was not to take the machine unless it did good work and was a good machine, and the plaintiff failed to fix and put the same in condition to do good work or any kind of work, and that the same was worthless and unfit for work of any kind, and could not be made to operate as a reaper.

The plaintiff filed exceptions to said pleas, except the general denial, upon the grounds, (1) that the questions raised therein have been heretofore adjudicated in the Court of Appeals and in the Court of Civil Appeals, in this case, and in both Appellate Courts it was decided that said pleas could not be plead in the County Court; (2) that said pleas came too late, and cannot be plead for the first time in the County Court after appeal to it from the Justice's Court.

These exceptions the court below sustained, and struck out said pleas, leaving only the general denial, and this action of the court is assigned as error.

We are of opinion that the court erred in sustaining the exceptions to these pleas; and we cannot agree with appellee's counsel that this question has been decided in this case by either the Court of Appeals or by this court, because the question as now presented was not before either court on the former appeals. Both courts explicitly decided that the defenses of non est factum or of failure of consideration could not be presented by oral pleadings, but that such pleas must be in writing and sworn to, and that is all that was authoritatively decided on either appeal. That part of the decision of the Court of Appeals which declares that the pleas could not be set up and relied on in the County Court, because not plead in the Justice's Court, was really not necessary to the disposition of the case, and must be understood as applying only to oral pleas, as no written pleas were before that court; but we are not unmindful that that court held a different view of this question from what we here announce, and a view that this court, from its organization, has declined to adopt.

There is an expression in the unreported opinion of this court as rendered in this case on the former appeal, which, standing by itself and disconnected from the question decided, would not be understood as being entirely in accord with this decision, and which may have misled the county judge. We think that it is now well settled, however, that article 316 of the Revised Statutes of Texas applies to all cases removed from Justices' Courts to the County Court, whether by certiorari or by appeal,—Gholston v. Ramey, 30 S. W. Rep., 713; Blanton v. Langston, 60 Texas, 149; Boudon v. Gilbert, 67 Texas, 690; Harrold v. Barwise, 30 S. W. Rep., 498; City of Dallas v. McCallister, 30 S. W. Rep., 452; Railway v. Jones, 23 S. W. Rep., 424; Munn v. Edmiston, 29 S. W. Rep., 1115; Railway v. Klepper, 24 S. W. Rep., 567; White v. Johnson, Id., 568; Curry v. Terrell, 1 W. & W. C. C., sec. 240; Downtain v. Connellee, 2 Texas Civ. App., 95; s. c., 21 S. W. Rep., 56,—and that it clearly provides that a defendant may plead any new matter that goes to defeat or extinguish the plaintiff's claim, except a counter-claim or set-off. County Courts in such cases should allow the pleadings amended or new pleadings filed by either party the same as if the case had been originally filed in the County Court, and try it in the same manner, only the plaintiff must not set up a new cause of action, that is, sue for something that he had not sued for in the Justice's Court, and the defendant

must not interpose a counter-claim or set-off that was not plead in the Justice's Court.

We think the court did not err in rejecting the evidence set out in bill of exception No. 3, because there were no proper pleadings then in the case to support such testimony.

For the error in striking out the defendant's pleas of non est factum and of failure of consideration, the judgment herein is reversed and the cause remanded for a new trial.

*Reversed and remanded.*

Delivered February 17, 1896.