Southern Kansas Railway Company v. J. R. Cooper.

No. 1207. Decided April 30, 1903.

**Jurisdiction of Court of Civil Appeals.**

Where the civil jurisdiction of the county court in a particular county has been conferred by the Legislature upon the district court instead, the Court of Civil Appeals has jurisdiction in an appeal from the district court of a case originating in justice court, irrespective of the amount in controversy, it being a case of which the district court has appellate jurisdiction, within the meaning of paragraph 1 of article 5, section 3, of the Constitution. (Pp. 482-484.)

Question certified from the Court of Civil Appeals for the Second District, in an appeal from Roberts County.

*J. W. Terry* and *H. E. Hoover,* for appellant.

*L. C. Heare* and *C. Coffee,* for appellee.

GAINES, Chief Justice.—This suit was brought by the appellee against the appellant in a justice court to recover the sum of $75. A judgment was rendered in that court; but the civil jurisdiction of the County Court of the County having been conferred by an act of the Legislature upon the District Court, the cause was appealed to the latter court in which the plaintiff recovered a judgment for the amount claimed in the suit. The cause having been appealed to the Court of Civil Appeals for the Second District, that court has certified for our determination the question whether or not they have jurisdiction of the appeal.

Under article 5 of the Constitution as amended in 1891, the Legislature in the act which provided for the organization of the courts of civil appeals defined their jurisdiction in part as follows: "The appellate jurisdiction of the courts of civil appeals shall extend to civil cases within the limits of their respective districts:

"1. Of which the district courts have original or appellate jurisdiction.

"2. Of which the county court has original jurisdiction.

"3. Of which the county court has appellate jurisdiction when the judgment or amount in controversy or the judgment rendered shall exceed one hundred dollars, exclusive of interest and costs." Rev. Stats., art. 996. This provision, as contemplated by the amended article, made the courts of civil appeals the successors to the jurisdiction of the Supreme Court and of the old Court of Appeals as defined by the original article and the statutes passed in pursuance thereof. Section 16 of the original article contained this provision: "In all appeals from justices' courts, there shall be a trial de novo in the county court, and when the judgment rendered or fine imposed by the county court shall not exceed one hundred dollars such trial shall be final; but if the judgment rendered or fine imposed shall exceed one hundred dollars, as well as in all

cases, civil and criminal, of which the county court has exclusive or concurrent original jurisdiction, an appeal shall lie to the Court of Appeals, under such regulations as may be prescribed by law." Article 1068 of the Revised Statutes of 1879 gave the Court of Appeals jurisdiction "of all civil cases of which the county courts have exclusive or concurrent original jurisdiction, except, etc., * * * of all civil cases of which the county courts have appellate jurisdiction, where the judgment rendered, or the amount in controversy shall exceed one hundred dollars exclusive of interest and costs, and in such other cases as are, or may be, provided by law," etc. Original section 3 to article 5 of the Constitution defined the jurisdiction of the Supreme Court as follows: "The Supreme Court shall have appellate jurisdiction only, which shall be coextensive with the limits of the State; but shall only extend to civil cases of which the district courts have original or appellate jurisdiction." It is apparent, that with one exception to be hereinafter noted, it will be seen that the same language is employed in the original Constitution and in the old statute respectively, in defining the cases in which appeals were allowed to the Supreme Court and to the Court of Appeals as is used in the present statute in describing those that are made appealable to the courts of civil appeals under the present law. The exception is that the article of the Revised Statutes of 1879 adds to the words "the judgment rendered" the phrase, "or the amount in controversy;" and it may at least be doubted, whether in view of the constitutional provision first quoted this latter phrase has any effect. See Pevito v. Rodgers, 52 Texas, 581. But we deem this unimportant. In the case just cited the court say: "The jurisdiction of this court is not limited, in the Constitution or statutes enacted in pursuance thereof, by the amount of the judgment appealed from. Its jurisdiction is coextensive with the limits of the State, of all judgments in civil cases of which the district courts have original or appellate jurisdiction. As the district court confessedly had appellate jurisdiction of the judgment of the justice court in this case, it must follow that the Constitution gives this court jurisdiction to inquire whether or not the District Court erred in refusing to exercise that jurisdiction and try the case de novo." Again, in Davidson v. Patton, 57 Texas, 481, both the amount in controversy and the judgment appealed from was for an amount less than one hundred dollars, and upon a motion to dismiss for want of jurisdiction, it was held that the court had jurisdiction and the motion was overruled. From that time until amended article 5 of the Constitution was adopted it seems to have been the settled rule of the Supreme Court to entertain jurisdiction of such cases. Within the knowledge of the writer the rule has been observed without question from the Galveston term, 1887, until the jurisdiction of the court was taken away by the amendment just mentioned. For example, in Moore v. Jordan, 67 Texas, 394, the court entertained jurisdiction, in a case appealed from a justice court to the district court when the amount in controversy was thirty-five dollars only, and the judgment of the district court was for the defendant. So

also in Southern Pacific Railway Co. v. Stanley, 76 Texas, 418, which arose in a justice court and was appealed to the district court and then to the Supreme Court, this court heard the appeal, reversed the judgment and remanded the cause, though the amount of the judgment was $58.50. To these cases others might doubtless be added; but it would serve no useful purpose to do so. The cases cited are sufficient to show that at the time article 996 of the present Revised Statutes became a law it was the settled rule of construction that under the previous law the Supreme Court had jurisdiction to entertain an appeal from a judgment of the district court for a sum less than one hundred dollars where the suit had originated in a justice court and had been properly appealed to that court. Since the article last cited defines the jurisdiction of the Court of Civil Appeals over appeals from the district court in the same language that was employed to define the jurisdiction of the Supreme Court under the former law, and since the old law at the time of the passage of the new had been construed as giving jurisdiction to the Supreme Court in cases like that now before us, by a familiar rule it is to be presumed that the Legislature intended that the new statute receive the same construction.

We answer, that in our opinion the Court of Civil Appeals had jurisdiction of the appeal in this case.