YOUNG MEN'S CHRISTIAN ASS'N OF DALLAS v. SCHOW BROS.

(Court of Civil Appeals of Texas. Ft. Worth. Dec. 6, 1913.)

1. ESTOPPEL (§ 107*)—PLEADING AS DEFENSE —NECESSITY.

In an action for the price of goods sold, where the only pleading in the justice court was a verified account and no further pleading was filed on the appeal to the county court, as permitted by statute, an instruction, authorizing a recovery if defendant by acts or words, or both, led plaintiff to believe that the purchaser was defendant's agent, with authority to make such purchases for it, was erroneous, since the issue presented was one of estoppel, and plaintiffs could not avail themselves of the benefits of the estoppel unless they specially pleaded it.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. § 297; Dec. Dig. § 107.*]

2. JUSTICES OF THE PEACE (§ 174*)—APPEALS TO COUNTY COURT—PLEADING.

Rev. Civ. St. art. 759, providing that when a case is removed by certiorari from the justice court to the county court, plaintiff may plead new matter not constituting a new cause of action, also applies on appeals from the justice court to the county court.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 665–693; Dec. Dig. § 174.*]

3. JUSTICES OF THE PEACE (§ 90*)—PLEADING —NECESSITY.

Pleadings are as essential to make an issue in the justice court as in a court of record.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. § 306; Dec. Dig. § 90.*]

Appeal from Bosque County Court; P. S. Hale, Judge.

Action by Schow Bros. against the Young Men's Christian Association of Dallas. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

J. L. Goggans, of Dallas, for appellant. James M. Robertson, of Meridian, for appellees.

DUNKLIN, J. In a suit by Schow Bros. against the Young Men's Christian Association of Dallas, a private corporation, plaintiffs recovered a judgment, from which the defendant has appealed.

The suit originated in the justice court,

later appealed to the county court, and was upon a verified account for merchandise charged to the defendant. The merchandise shown in the account consisted of groceries furnished by plaintiffs for the use of the members of the defendant association during their encampment near the town of Clifton, in Bosque county. The evidence is sufficient to show that at the request of the defendant's secretary plaintiffs furnished a price list of the goods, in reply to plaintiffs' letter to the defendant soliciting the account for such supplies. The evidence further shows that later A. A. Allen called up plaintiffs over the telephone and ordered the goods for and on behalf of the defendant, stating, in effect, that he was authorized by the defendant so to do. The goods were furnished in obedience to this request. The evidence further shows that defendant entered into a written contract with Allen, whereby the latter contracted and agreed to board the boys during the encampment and to furnish all supplies necessary therefor, for a fixed sum. But this contract was not known to the plaintiffs at the time the goods were furnished for which a recovery was allowed. Whether or not Allen was defendant's agent, authorized by it to purchase the goods upon defendant's account, was an issue sharply controverted by the defendant, and properly submitted in the court's charge.

[1] The court further instructed the jury, in effect, that the defendant would be bound by the acts of Allen in the purchase of the goods, if, by acts or words, or both, they led plaintiffs to believe that Allen was their agent, with authority to make such purchases for the defendant, and that such acts or words of the defendant were reasonably calculated to induce the plaintiffs to so believe, and that, acting upon such belief, they were induced to sell the goods upon the credit of the defendant. One of the grounds upon which the instruction last noted is assailed is that there was no pleading to warrant it. The only pleading by plaintiffs shown in the transcript from the justice court to the county court consists of the verified account, and it does not appear from the record that any other pleading than that was filed by plaintiffs in the county court after the case was appealed to that court.

[2] By article 759, Revised Civil Statutes 1911, it is provided that when a case is removed by certiorari from the justice court to the county court, the plaintiff may plead new matter which does not constitute a new cause of action, provided such pleading be in writing and filed in the cause, and this article of the statute applies also in cases of appeal from the justice court to the county court. Slover v. McCormick Harvesting Machine Co., 12 Tex. Civ. App. 446, 34 S. W. 1055, and cases there cited.

[3] Pleadings are as essential to make an issue in the justice court as in a court of record. Moore v. Jordan, 67 Tex. 394, 3 S. W. 317; Maass v. Solinsky, 67 Tex. 290, 3 S. W. 289. The issue presented by the instruction now under consideration was one of estoppel. In other words, essentially it is that the defendant, having held out Allen as its agent, and thereby induced the plaintiffs to believe that he was its authorized agent to purchase the goods, is now estopped to deny that he was such agent, even though as a matter of fact no such agency existed. It is well settled by the authorities that in order for plaintiffs to avail themselves of the benefits of this rule, it was necessary for them to specially plead such estoppel. Swayne v. Insurance Co., 49 S. W. 518; Wolf v. Galbraith, 39 Tex. Civ. App. 351, 87 S. W. 390.

From the foregoing conclusions it follows that the court erred in giving the instruction last noted, and for this error the judgment must be reversed and the cause remanded. All other assignments of error have been duly considered and are overruled.

Reversed and remanded.