DAVIS, Agent; v. CLEMENT GRAIN CO.
(No. 6578.)

(Court of Civil Appeals of Texas. Austin. April 11, 1923. Rehearing Denied May 16, 1923.)

1. Justices of the peace ⬰174(2½)—On appeal to county court, no written pleadings are required.

On an appeal from a justice of the peace to the county court, the trial is the same as in the justice court, and no written pleadings are required.

2. Appeal and error ⬰1091(2)—Judgment on appeal to county court from justice court presumed to be supported by sufficient pleadings.

On trial in a county court on a case appealed from the justice court, where the pleadings are oral and the record does not show what such pleadings were, it will be presumed that the judgment rendered was supported by sufficient pleadings.

3. Carriers ⬰132—Burden on carrier of showing damaged condition of goods when shipped, where proof showed damage while in transit.

In an action against a railroad under federal control, for damage to hay in transit by reason of a leaky roof of the car, where there was proof that the hay was damaged while in transit, the burden of showing that the goods were in a bad condition at the time of shipment was upon the carrier.

4. Carriers ⬰135—Expense of separating undamaged hay shipped from that damaged held not special damages.

In an action by a shipper against a carrier for damages of hay while in transit, because of a leaky roof of the car in which the hay was shipped, expenses incurred in separating the good hay from that which had become worthless were not special damages.

5. Appeal and error ⬰1050(1)—Erroneous admission of evidence as to legal demurrage harmless, where shipper entitled to collect any amount he had paid.

In an action by a shipper against a carrier for damages to goods in transit, it was not reversible error to permit witness to testify as to how much legal demurrage the carrier could collect, plaintiff being entitled to recover whatever amount of demurrage it had been compelled to pay.

6. Carriers ⬰125½—Demurrage charges incurred while disposing of goods damaged in transit held not special damages requiring notice to warrant recovery.

In a shipper's action against a carrier for damages to hay while in transit, demurrage charges, which the shipper was compelled to pay while attempting to dispose of the damaged hay, were not special damages requiring notice to the carrier to fix liability therefor.

---

⬰For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**7. Costs** ⬙173(1)—**Shipper, entitled to attorney's fee on recovery of full amount of claim for damages of goods in transit.**

Where a shipper in an action against a carrier for damages to goods while in transit has recovered the full amount of his claim, he is entitled to collect attorney's fees as provided in Rev. St. art. 2178.

Appeal from McLennan County Court; Giles P. Lester, Judge.

Action by the Clement Grain Company against James C. Davis, Agent. Judgment for plaintiff and defendant appeals. Reformed and affirmed.

Dabney & King, of Houston, and Taylor & Hale, of Waco, for appellant.

John McGlasson, of Waco, for appellee.

BLAIR, J. Appellee filed this suit in the justice court of McLennan county, to recover certain alleged damages to a car of hay, which it employed appellant to transport from El Paso, Tex., to Bryan, Tex. Appellee alleged that the said carrier was negligent in furnishing a car with a leaky roof, and that the hay became wet and damaged while in transit. Appellee prayed for the recovery of the market value of 3,466 pounds of hay, which was alleged to be wholly worthless when it arrived at destination; and further for the recovery of $26 damage to the balance of the hay by reason of its being intermingled in the same car with that totally destroyed; and prayed further that it recover $44.29 demurrage, which it alleges was occasioned by reason of the hay arriving in a damaged condition, and consignee refusing to accept the same, and thereby necessitating it to take charge of the hay, assort the damaged hay from the good hay, and was the direct result of appellant's failure to deliver the same in a good condition. Appellee also sought to recover a reasonable attorney's fee.

Appellant answered by general demurrer and special exceptions, raising the question of the insufficiency of the plaintiff's pleadings or statement as to the proper measure of damages sought, and alleging that the $26 and the $44.29 items were, respectively, special damages, and that the defendant had no notice of such damage.

The case was tried both in the justice and county courts without a jury. In the justice court, appellee recovered the full amount of its account and $20 attorney's fee. Appellant appealed to the county court, and judgment was rendered for the appellee, authorizing it to recover the damages for the total loss of its hay in the sum of $72.93, and for the difference in the market value of the remaining hay, in the sum of $26, but was refused a recovery for the $44.29 demurrage charge, on the ground that it was special damages, and that the carrier had no notice

thereof. However, the trial court allowed the sum of $11.29, which he found to be an illegal charge as demurrage over and above that which the demurrage tariff rates would entitle appellant to collect.

Both appellant and appellee filed motions for a new trial, which were overruled, and both excepted. Appellee cross-assigned as error the court's action in refusing to allow it the $44.29 demurrage charge, and a recovery of its attorney's fee of $20.

Appellant excepted to the action of the court in overruling his motion for a new trial, and here now presents his assignments, seeking a reversal of the case, while appellee, by proper cross-assignment, prays that we affirm and reform the judgment to the extent of allowing it a recovery of its $44.29 demurrage charge claim, and for a reasonable attorney's fee.

The facts show that appellant negligently furnished a car with a leaky roof in which to transport appellee's hay from El Paso, Tex., to Bryan, Tex.; and that the hay was damaged by reason of water leaking in and causing it to rot; that 3,466 pounds of the hay were so damaged by reason of becoming wet in transit that it was worthless when it arrived at destination at Bryan, Tex.; that its market value upon arrival, had it arrived in good condition, would have been $72.93; that the remaining portion of the hay was damaged by reason of being intermingled with the wet and rotten hay in the same car, to the extent of $26, being the difference in its market value had it arrived in good condition and its value in the condition in which it did arrive; that, by reason of the hay's being damaged in transit, the consignee refused to accept the same upon arrival, and appellee was compelled to take charge of said hay, and to assort the good from the worthless, preparatory to marketing the same, thereby necessitating leaving it in said car for this purpose for several days. Appellant demanded of appellee $44.29 demurrage, which demurrage accrued while appellee was assorting and caring for the hay, after its arrival in a damaged condition; that the demurrage charges would not have accrued had it not been for the negligence of appellant in furnishing a leaky car, and causing the hay to become wet and damaged in transit, which was the direct result of such negligence. Appellee presented appellant with its claim for said damages more than 30 days before the filing of this suit, and recovered the full amount of its claim in the justice court, and is allowed the full amount of its claim in this court, as will be hereinafter shown; therefore, it is entitled to a recovery of its attorney's fee. The trial court found that $20 was a reasonable attorney's fee in this case.

[1, 2] Appellant's first and second assignments are not sustained. The first complains that his general demurrer should have been

sustained, and the second that his special exception to the appellee's petition, alleging failure to plead the proper measure of damages, should have been sustained. The case orginated in the justice court, where no written pleadings are required, and the record does not show what the oral pleadings were. On an appeal from the justice to the county court, the trial is the same as in the justice court, and no written pleadings are required. The record shows that appellee filed an unsigned statement of its claim, but does not show what the oral pleadings were in such court; therefore the presumption is that the judgment is supported by sufficient pleadings. Besides, the same particularity of pleadings is not required in justice courts as is required in courts of record.

[3] Appellant's third assignment that the pleadings failed to allege, and the proof to show, that the hay was in good condition when delivered to carrier for transportation, is without merit. The rule of law announced in the cases cited by appellant, in support of this proposition, is not applicable to the case at bar. The rule in those cases is that, where there is no proof of how the goods transported became injured, proof of their good condition at the time of delivery for shipment and bad condition at destination will fix the liability of the carrier for damages. In the case at bar, the proof was positive that the hay was damaged while in transit, by reason of the water coming through the leaky roof of the car furnished in which to transport the same. This being the case, appellant would have the burden of showing that the goods were in bad condition at the time of delivery to him, thereby relieving himself of liability.

[4] By his fourth, fifth, and sixth propositions, appellant complains that the item of $26 damage to the hay not totally destroyed is special damages, and not recoverable in this case, since no notice was given that such injury would accrue. We are of the opinion that this contention is without merit. The damages covering the $26 item were those resulting from being intermingled with the hay that became wholly worthless, as a result of appellant's negligence in failing to furnish a car with a good roof to protect it from rain, and are not special damages.

[5] Neither do we sustain appellant's seventh and eighth assignments, which complain of the trial court in permitting a witness to testify as to how much legal demurrage a carrier can collect. This is wholly without merit in this case, since we are to hold herein that appellee was entitled to recover whatever amount of demurrage it had to pay in this case.

We are of the opinion that appellant is not entitled to a reversal of this case for the reasons assigned, but that appellee is entitled to have the judgment reformed and affirmed, so as to include in its recovery the item of $44.29 demurrage charges, demanded of and paid by appellee to obtain the release of its hay at destination, and further that it recover its attorney's fee in the sum of $20, with interest on said judgment at 6 per cent. from the date of the arrival of the shipment of hay at Bryan, Tex., and that it recover all costs in all courts.

[6] Appellee pleaded and proved that the demurrage would not have accrued except for the reason that said shipment of hay arrived at destination in a damaged condition, due to the negligence of appellant; and that appellee removed the same from the car within a reasonable time under the circumstances arising in this case. The trial court refused appellee a recovery of this demurrage, upon the ground that it was special damages, and that no notice had been given that, if the hay arrived in bad condition, consignee would not receive same, thereby necessitating its remaining in the car. We are of the opinion that demurrage charges are not special damages which require notice to the carrier to fix liability therefor. It is a recovery of charges wrongfully made and demanded, the payment of which is an act precedent to obtaining the release of the shipment, and arose after the damage to the shipper's goods. No notice is necessary to inform a carrier that it has wrongfully collected demurrage charges against a shipper, said demurrage charges being occasioned by the negligence of the carrier. The proof in this case shows that the demurrage charges were the direct result of the negligence of the appellant, in that he delivered the hay in such bad condition that the consignee would not accept it upon arrival, necessitating its remaining in the car until such time as appellee could assort and market it. The trial court found that appellee did assort and handle the hay within a reasonable time under the circumstances of this case. We are of the opinion that to permit appellant in this case to retain such demurrage charges would be authorizing him to take advantage of his own negligence, as well as to reimburse himself for his own wrong. Ry. Co. v. Gray (Tex. Civ. App.) 160 S. W. 434; Ry. Co. v. Kolp, Jr. (Tex. Civ. App.) 88 S. W. 417.

[7] By reason of our judgment herein, appellee has recovered the full amount of its claim, and is entitled to collect its attorney's fee as provided in article 2178, Revised Statutes. Appellee pleaded and proved itself entitled to the provisions of this article of the statute, which is quoted as follows:

"Hereafter, any person in this state having a valid, bona fide claim against any person or corporation doing business in this state, for personal services rendered or for labor done, or for material furnished, or for overcharges on freight or express, or for any claim for lost or damaged freight, or for stock killed or injured by such person or corporation, its agents or employés, may present the same to such

person or corporation or to any duly authorized agent thereof, in any county where suit may be instituted for the same; and if, at the expiration of thirty days after the presentation of such claim, the same has not been paid or satisfied, he may immediately institute suit thereon in the proper court; and if he shall finally establish his claim, and obtain judgment for the full amount thereof, as presented for payment to such person or corporation in such court, he shall be entitled to recover the amount of such claim and all costs of suit, and, in addition thereto, a reasonable amount as attorney's fees; provided, he has an attorney employed in the case, not to exceed twenty dollars, to be determined by the court or jury trying the case."

The trial court sustained appellant's exception to a recovery of attorney's fees herein, because of 'the fact that, at the time the injury resulted to appellee's hay, the railroads were being operated by the federal government, under the Federal Control Act of 1918 (U. S. Comp. St. 1918, U. S. Comp. St. Ann. Supp. 1919, §§ 3115¾a–3115¾p). We presume the trial judge construed the recovery of attorney's fees as a penalty assessed against the appellant in failing and refusing to pay the claims within 30 days after presentation, and as such was not collectible from the government. The Supreme Court of the United States, in the case of M., K. & T. Ry. Co. v. Cade, 233 U. S. 642, 34 Sup. Ct. 678, 58 L. Ed. 1135, held, in construing a statute similar to ours, relative to regulating the presentation and collection of claims like the one in this suit, that, in addition to the amount and costs, a reasonable attorney's fee could be collected, not as damages or penalty, but as costs of suit. The above case was cited with approval in an opinion delivered by Chief Justice Taft, in the case of Chicago & N. W. Ry. Co. v. Nye, Schneider, Fowler Co., 43 Sup. Ct. 55, 67 L. Ed. ——. It was also decided in the case of Hines v. Easterly (Tex. Civ. App.) 224 S. W. 943, that attorney's fees provided by the above article of our statute were recoverable against the Director General of Railroads, as being a "person doing business in this state."

We are therefore of the opinion that the judgment should be reformed and affirmed as above indicated.

Reformed and affirmed.