**TEXAS & N. O. R. CO. v. WHISENANT.**

No. 3079.

Court of Civil Appeals of Texas. Beaumont.

May 6, 1937.

Mantooth & Denman, of Lufkin, for appellant.

Curtis W. Fenley, of Lufkin, for appellee.

WALKER, Chief Justice.

On the 6th day of January, 1936, in justice court precinct No. 1, Angelina county, appellee, C. C. Whisenant, recovered judgment against appellant, Texas & New Orleans Railroad Company, in the sum of $175 for damages to a shipment of cattle originating on appellant's line of railway in Lufkin, Angelina county, at 11 o'clock on Sunday evening of January 20, 1935, to be transported to Forth Worth, Tex.; the shipment of cattle reached Fort Worth at 5 o'clock p. m. Tuesday, the 22d day of January, 1935. On trial de novo on appellant's appeal to the county court of Angelina county, judgment was again rendered against it in favor of appellee for $175, from which appellant has prosecuted its appeal to this court.

## Opinion.

As in courts of record, pleadings are essential to support a judgment in justice court, and also a judgment on trial de novo in county court on appeal from justice court. Upham Gas Co. v. Veasey (Tex. Civ.App.) 28 S.W.(2d) 233. But, on that proposition of law, the record does not support appellant's proposition that this case was tried in justice court and on appeal to the county court, without pleading except the reading in court by appellee of the justice court citation, unsupported by oral pleading. On that point the record is silent. On appeal from county court to the Court of Civil Appeals of a case originating in justice court, it will be presumed, in the absence of an affirmative showing to the contrary, that the pleadings were oral, and were sufficient to support the judgment. Davis, Agent, v. Clement Grain Co. (Tex. Civ.App.) 251 S.W. 545; Clonts v. Johnson, 116 Tex. 489, 294 S.W. 844, 847; Broderick v. Pardue (Tex.Civ.App.) 102 S.W. (2d) 252; Hart v. Wilson (Tex.Civ.App.) 53 S.W.(2d) 1029; Moore v. Jordan, 67 Tex. 394, 3 S.W. 317.

The case was tried to the court without the aid of a jury; no conclusions of fact and law were filed or requested. The following question was asked the witness Raymond Field: "Do you know what the cause of the steers being dead at the point of destination was?" To which the witness answered: "Well it was rough treatment." Appellant objected to this answer "for the reason that it is a conclusion of the witness, and that the witness was entitled to tell only what happened." There

is nothing in the record to support the conclusion that the trial court gave any weight to this statement by the witness, in pronouncing his judgment. The assignment is overruled.

The following summary of the testimony of the witnesses taken from appellee's brief supports the judgment both on the sufficiency of the testimony, and on the pleadings; it will be presumed that the pleadings supported appellee's testimony:

"On the trial in the county court C. C. Whisenant testified that on or about the 20th day of January, 1935, he shipped a car of steers from Lufkin to Fort Worth, that the steers were loaded into the cars of defendant, that thirty-four steers were included in the load, that six of the steers were dead when they reached their destination at Fort Worth, that he did not go along with the cattle but sent a person whom he identified in the court room by pointing (later identified as Raymond Field), that the steers would have brought him about $35.00 each on the market in Fort Worth, that he shipped 'a good many cattle', that there was another way to get cattle to Fort Worth over defendant railroad other than by Houston, that they could be shipped over the T. & N. O. by way of Nacogdoches and Dallas and that it was much cheaper and nearer that way, that the dispatcher told him that the cattle would be in Fort Worth by Monday, that they got there late Tuesday afternoon after the market had closed, that he wanted these cattle in Fort Worth for Monday's market and couldn't get them there.

"Mr. Raymond Field testified that Mr. Whisenant shipped some cattle over the T. & N. O. about the 20th of January, 1935, that they went from Lufkin to Fort Worth over defendant's lines, that he went with the steers, that the cause of the steers' death at their destination was rough handling, that six of them were dead when they were unloaded, that the ones that were dead were bruised up considerably, that the others were bruised up too, that the route followed was from Lufkin and thence to Houston and on to Fort Worth, that the stock left Lufkin near 11 o'clock night time, that they reached Fort Worth around 5 o'clock in the evening on the second day after leaving Lufkin, that they lacked from 5 o'clock in the afternoon until 11 o'clock that night being two days in transit, that they switched the car containing the cattle around all over the yard in Houston, that they stayed in Houston four or five hours, that the cattle were thrown from one position to another while the car was being switched, that he was along with the cattle while they were being switched and was in a position to tell the court what killed them."

The judgment of the lower court is affirmed.