

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

June 16, 1952

Hon. R. Y. Lindsey, Jr.        Opinion No. V-1461
County Attorney
Dawson County                  Re:  Necessity for the answer
Lamesa, Texas                       to plaintiff's petition
                                    in civil suits in jus-
                                    tice courts to be in
Dear Sir:                           writing.

        We refer to your request for an opinion of
this office concerning the necessity for a written
answer to plaintiff's petition in civil suits in jus-
tice courts, in the light of the amendment of Rule 101
of the Texas Rules of Civil Procedure.

        Rule 101, supra, as amended by the Supreme
Court on October 10, 1951, became effective March 1,
1952.  See 14 Texas Bar Journal 633.  As amended, that
rule now reads in part as follows:

        "The citation shall be styled 'The State
    of Texas' and shall be directed to the defend-
    ant and shall command him to appear by filing
    a written answer to the plaintiff's petition
    at or before 10 o'clock a.m. of the Monday
    next after the expiration of 20 days after
    the date of service thereof, stating the
    place of holding the court. . . ."

        Rule 101 is a part of those rules which gov-
ern civil procedure in the district and county courts.
Prior to its amendment, the rule required that the cita-
tions command the defendant "to appear and answer."  Now
it commands defendant "to appear by filing a written
answer."

        Rules 523, 525, 526, 534, and 535 are a part
of the rules specifically controlling civil practice
in the justice courts.  These rules of procedure read
in part as follows:

        "Rule 523.  District Court Rules Govern.--
    All rules governing the district and county
    courts shall also govern the justice courts,

insofar as they can be applied, <u>except</u>
<u>where otherwise specially provided by law</u>
<u>or these rules</u>." (Emphasis added.)

"Rule 525. Oral Pleadings.--The
pleadings shall be oral, except where
otherwise specially provided; but a brief
statement thereof may be noted on the
docket; provided that after a case has
been appealed and is docketed in the coun-
ty (or district) court all pleadings shall
be reduced to writing."

"Rule 526. Sworn Pleadings.--An
answer or other pleading setting up any
of the matters specified in Rule 93 shall
be in writing and signed by the party or
his attorney and verified by affidavit."
(Rule 527 contains further provisions with
respect to a plea of privilege.)

"Rule 534. Citation. When a claim
or demand is lodged with a justice for
suit, he shall issue forthwith citations
for the defendant or defendants. The cita-
tion shall require the defendant to appear
and answer plaintiff's suit at or before
10:00 o'clock a.m. on the Monday next after
the expiration of ten days from the date
of service thereof, and shall state the
place of holding the court. . . ."

"Rule 535. Answer Filed.--Where cita-
tion has been personally served at least
ten days before appearance day, exclusive
of the day of service and of return, the
answer of the defendant shall be filed at
or before ten o'clock a.m. on such day.
. . ."

Rule 523, supra, clearly provides that the
rules governing the district and county courts shall be
applicable to justice court proceedings when not in con-
flict with the existing rules and statutes relating to
civil procedure in the justice courts. Rule 525, how-
ever, provides that the pleadings in a <u>justice court</u>
"shall be oral" except where otherwise specially provid-
ed. Rule 101, as amended, does not specifically require
that pleadings in the justice courts shall be in writing.

Nor does Rule 101, as amended, in any way modify, supersede, or repeal Rules 525, 526, 527, 534, and 535, which exist unchanged to govern civil answers in the justice courts.

Therefore, it is the opinion of this office that Rule 101, as amended, does not require the answer to plaintiff's petition in civil suits in justice courts to be in writing.

You have called our attention to the language in Rule 535 which states that the answer of the defendant "shall be filed." Prior to the adoption of the Rules of Civil Procedure in 1940, it was clearly the rule that the defendant's answer in the justice court could be oral unless it set up a matter which was specially required to be pleaded in writing. Where the answer was pleaded orally, a brief statement of its contents was noted on the docket. Moore v. Jordan, 67 Tex. 394, 3 S.W. 317 (1887); Low v. Griffin, 41 S.W. 73 (1897). The official notes appended to Rule 535 show that the rewording of the prior articles in the civil statutes from which this rule was taken was for the purpose of changing the time of answering and not the manner of answering. It is our opinion that the change made by Rule 535 was not intended to require the filing of a written answer in the justice court.

## SUMMARY

Rule 101 of the Texas Rules of Civil Procedure, as amended, does not require that answers to plaintiff's petition in civil suits in justice courts shall be in writing.

Yours very truly,

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Mary K. Wall
Reviewing Assistant

Charles D. Mathews
First Assistant

CEO:mh

PRICE DANIEL
Attorney General

By                 

Chester E. Ollison
Assistant