No. 2336.

## CHARLOTTE MAASS *v.* HENRY SOLINGSKY.

1. APPEAL FROM JUSTICE'S COURT.—It is from the transcript and papers which on appeal are required to be set up by a justice of the peace (Rev. Stats., art. 1640), that the district court can determine what the cause of action presented and tried before the magistrate was. Though the pleadings may have been oral, the statute requires that a brief statement showing their character shall be noted on the magistrate's docket. (Rev. Stats., art. 1573.)

2. SAME.—On the appeal to the Supreme Court of a cause originating in a justice's court, the Supreme Court can only be informed what the cause of action was by a transcript of the entries made on the magistrate's docket, by pleadings, if any, which were filed in the case, or by an agreed case; and unless informed by one of these methods, it will presume that the judgment of the district court was correct, and will affirm it.

APPEAL from Jefferson. Tried below before the Hon. W. H. Ford.

*Thomas J. Russell,* for appellant.

No brief on file for appellee.

STAYTON, ASSOCIATE JUSTICE. This cause originated in a jus-tice court, and on appeal was tried in the district court, but from the transcript before us we are unable to ascertain what the cause of action asserted was. The transcript consists of the caption; statement of facts, judgment, appeal bond and assign-ments of errors. The pleadings in a cause in a justice court may be oral, except when otherwise required by statute, but the law requires that "a brief statement thereof shall be noted on the docket." (Rev. Stats., art. 1573.)

The statute provides further that "whenever an appeal has been granted from the justice court to the county court it shall be the duty of the justice who made the order immediately to make out a true and correct copy of all the entries made on his docket in the cause, and certify thereto officially, and to transmit the same, together with the certified copy of the bill of costs taken from his fee book, and the original papers in the cause, to the clerk of the county court of his county." (Rev. Stats., art. 1640.) The same requirement exists, where the appeal is taken to the district court, for the reasons which authorize such appeal.

It is from the transcript and papers thus sent up that the county or district court ascertains what the cause of action presented and tried in the justice's court was.

The cause of action asserted in the justice's court is the only one that can be asserted in the district court on appeal. Where an appeal is taken from any judgment of a district court to this court, it must be informed as to what the cause of action was, either through the pleadings made a part of the transcript, or by an agreed case, made as the statute permits.

In a case originating in a justice's court, this must be shown to this court by the entries made in the justice's docket, by pleadings filed in the case, if any, or by an agreed case; and if it does not appear that the cause of action was through a transcript, which shows it in some of these methods, this court can not revise the action of the district court; for, unless it knows what was tried, it can not know whether there was error or not.

The statement of facts, as presented, is almost unintelligible, but we might infer from it that one of these causes of action was tried in the district court. We are not called upon or authorized to draw inferences of this kind, and to adjudicate cases upon them.

The presumption is that the judgment of the district court is correct, and, in the absence of a transcript showing to the contrary, its judgment will be affirmed.

*Affirmed.*

Opinion delivered February 1, 1887.