## W. F. WHITTINGTON v. E. EPPSTEIN & CO.

### (No. 5694.)

APPEAL from Cooke County. Opinion by WHITE, P. J.

SARLLS & GREENE, counsel for appellant.

DAVIS & GARNETT and W. B. JOHNSON, counsel for appellees.

§ 369. *Appeal from justice's to county court; written pleadings need not be noted on justice's docket.* Appellees sued appellant in justice's court upon a verified account. Appellant pleaded in writing, denying under oath the justness of the account, and setting up the statute of limitations. Appellant recovered judgment in justice's court for costs. On appeal to the county court by appellees the written pleadings of appellant were sent up with the original papers in the cause, but the transcript of the justice did not show that appellant had made any defense in said justice's court. The county court, on the trial, refused to allow appellant to read his written pleadings, or introduce evidence in support of the same, because his defenses had not been noted and entered upon the justice's docket. [R. S. arts. 1550, subd. 4, 1573.] *Held:* In Mass v. Solinskey, 67 Tex. 290, our supreme court, construing the articles of the statute above cited, and article 1640, together, say: " In a case originating in justice's court the cause of action must be shown by the entries made in the justice's docket, *by pleadings filed in the case,* if any, or by an agreed case." The same rule is applicable to defenses. The original papers are required to be sent up with the justice's transcript, and, when sent up, are a part of the record on appeal, as much so as the transcript. Appel-

lant's defenses made in writing in the justice's court should have been heard and considered in the county. court on appeal, and said court erred in ruling otherwise.

April 18, 1888.                Reversed and remanded.