A. J. WILLIAMS v. W. T. DEEN.

No. 106.

1. **Pleadings and Rulings Thereon in Justice Court — Appeal — Bills of Exception.**—Where it is sought to revise the ruling of the Justice Court as to the sufficiency of plaintiff's complaint, the pleadings in that court being oral, the bill of exceptions must show fully the complaint, exceptions thereto, and ruling of the court thereon.

2. **Practice—Bills of Exception.**—Where the admission of certain testimony is complained of, bills of exception should set out such testimony objected to, in order for the court to pass upon its admissibility and relevancy.

3. **Contracts—Evidence—Conversion.**—Where the contention was that defendant, through mistake or otherwise, got a greater number of plaintiff's cattle than he actually bought under a contract, the excess over the number actually purchased could not be proved without first showing how many were actually sold and delivered under the contract, for which excess, upon failure to pay for or return, defendant would be liable for conversion as a tort, and not on the breach of an express contract.

4. **Hearsay Evidence — Matters of Inducement.**—Where a witness testifies to a fact from what others told him, the testimony is hearsay, can not be used as an inducement to other testimony relied upon to prove the same fact, nor relieved of illegality by a promise to make the proof of the fact by competent testimony.

**5. Damages, Measure of.**—Where plaintiff sues to recover the value of cattle delivered in excess of number sold, the evidence showing a contract by which they were sold at a price per head for different classes of cattle: *Held*, plaintiff was not entitled to prove the reasonable value of the cattle. In absence of testimony showing which cattle were delivered by mistake, the contract price when delivered should be the measure of damages. If the excess of each class received over number actually purchased can be ascertained, the value should be according to their classification under the contract.

**6. Same — Delay.**—Delay caused the plaintiff· in making a contemplated trip, and his making several trips to see the defendant as a result of the miscount of the cattle, are not elements of damages.

**7. Practice—Evidence.**—It was proper, after defendant had closed his testimony, to allow the plaintiff to swear in rebuttal to an instrument in writing introduced against him, that he never signed it, when it was not set out in pleadings of defendant so that a plea of non est factum could be interposed, and which he could not anticipate would be offered if he never executed it.

**8. Proof of Handwriting.**— The handwriting of a party may be proved by one who is acquainted with the handwriting, from having seen him write; and he need not be an expert.

APPEAL from the County Court of Wilson. Tried below before Hon. A. D. EVANS.

*A. J. Williams* and *B. F. Ballard*, for appellant.—1. Plaintiff having brought his suit for the value of cattle alleged to have been wrongfully converted by the defendant, should not be permitted to introduce evidence of a contract of sale between him and the defendant, price and terms of sale, and a mistake in the number of the cattle delivered under the contract. Jones v. Brazil, 1 W. & W. C. C., sec. 299, and authorities; 2 Willson's C. C., sec. 618; 3 Willson's C. C., sec. 342.

2. Hearsay testimony is not rendered admissible by other testimony to the same or similar effect.

3. If plaintiff could herein recover upon a contract, he could only recover the contract price, which would be the measure of damages. 1 W. & W. C. C., sec. 91.

4. The delay caused plaintiff in making a contemplated trip, and his making two or three trips to see defendant in regard to differences arising between them in regard to the count of the cattle, were not grounds for recovery of damages, and the error was not cured by a remittitur of damages. Rev. Stats., art. 1432.

5. Defendant relied upon a written contract, and evidence by the plaintiff denying that he executed same was inadmissible except under a sworn plea, and that even in a Justice Court. Rev. Stats., art. 1574, subdiv. 8; 2 Willson's C. C., sec. 351.

6. It was competent to prove plaintiff's signature to an instrument by any one familiar with his handwriting and signature. Sayles' Civ. Stats., art. 2245, note 75, and authorities.

No brief for appellee reached the Reporter.

NEILL, ASSOCIATE JUSTICE.—This suit was instituted in the Justice Court of precinct number 1 of Wilson County, by the appellee, for the value of 16 head of cattle, alleged to have been driven by the appellant from appellee's pasture and converted to his own use, and for damages. The alleged value of the cattle is $96, and the damages for driving them from the pasture is laid at $50.

The appellant answered, that he owed appellee nothing on account of cattle or otherwise; and especially, that the only cattle he ever possessed which appellee at any time had any right to were delivered to appellant by the appellee in person, and paid for according to contract. The appellant then plead in reconvention the value of seven head of cattle, the value of which he alleged at $132, which he claimed that he purchased from appellee, and were withheld from appellant by the appellee.

The trial in the Justice Court resulted in a judgment in favor of appellee for $96 as the value of the cattle, and $30 damages. From this judgment Williams appealed to the County Court, where upon the trial a judgment was rendered for the appellee for $96 as the value of the cattle, and for $50 damages. After the rendition of the judgment the appellee entered a remittitur on the judgment for the $50 damages. This appeal is from said judgment.

The first assignment of error is to the sufficiency of the appellee's complaint in the court below. As such complaint was oral, and it is not shown by bill of exception what the complaint was, nor the objection interposed to it by appellant, we can not pass upon this assignment. The brief statement required to be noted on the justice's docket of the pleadings is only intended to be indicative of what the pleadings were in that court, and not as a statement of the pleadings in full. And in cases of this sort, where the pleadings are oral, if it is sought to revise the rulings of the court below on them, such pleadings, together with the exceptions interposed and the rulings of the court below upon them, should be fully shown by bills of exception.

The second assignment of error complains of the court's permitting the plaintiff to introduce testimony of the existence of a contract between the parties, and the prices and terms of a sale of cattle under such contract, and of a mistake in the count of cattle and in the number delivered under such contract, as complained of in bill of exceptions number 1. By referring to this bill of exceptions, it is seen that it does not set out the testimony objected to. We can hardly be expected to pass upon the admissibility and relevancy of testimony where it is not shown what the testimony objected to was. But by an examination of the statement of facts, it seems that the contention of the appellee was that he had sold

appellant a certain number of cattle under a contract, and that through mistake, or otherwise, the appellant got a greater number of appellee's cattle than he bought, and that he had converted the excess in number to his own use, and refused to pay for them. If this was so, the excess over the number actually purchased could not be proved without first showing how many were actually sold and delivered under the contract. If appellant got more of appellee's cattle than he bargained for, even if it was through a mistake, it was his duty to either return or pay for them, and his failure to do so was a wrongful conversion of another's property. Such is denominated a tort, and can in no way be considered as a breach of an express contract. We do not think the second assignment of error is well taken.

The third assignment of error complains of the court's permitting the plaintiff to testify, over defendant's objection, that he sold defendant 136 head of cattle, but that defendant got 154 head, according to what others told him; that he did not know how many cattle there were, except by what he was told. The objection to the testimony as hearsay is well taken. The statement of counsel for plaintiff, added to the bill of exception by the court, made at the time the testimony was objected to, that they relied upon other testimony to prove the number of cattle received by the defendant, and that plaintiff's statement of what others told him was "mere inducement," does not help matters any. We can not see how illegal testimony can be a matter of "inducement," without it is for the purpose of inducing a jury to find an improper verdict, nor how a promise to make the proof of matters testified to from what others said by competent testimony can relieve such testimony of its illegality.

The fourth assignment of error complains of the court's permitting the plaintiff to testify, over the objection of defendant, that the cattle sued for were worth $5 or $6 per head. The objections to the testimony were, (1) that the evidence does not show what kind or class of cattle the plaintiff sues for; (2) that the evidence shows a contract of sale from plaintiff to defendant and a delivery thereunder of cattle at a stipulated price per head for different classes of cattle, and under such evidence he would not be entitled to prove or recover the reasonable value of cattle. We will say in regard to the first objection, that we have examined the entire record to ascertain the kind or class of cattle the plaintiff sues to recover the value of, and find no specific cattle indicated as the ones sued for, and it is impossible to tell from the record what kind they were, and it does not seem that plaintiff or defendant or any witness knows. If the plaintiff was entitled to recover the value of any, it was for cattle delivered by mistake and classed and priced as the ones actually sold, and in the absence of testimony showing which cattle were delivered by mistake, we think the contract price which was placed upon them when delivered ought to be the measure of damages. The appellant bought a

certain number of several classes, at prices fixed upon each class of cattle. If it can be ascertained the excess, if any, of each class he received over the number he actually purchased, the value should be placed upon them according to their classification as it was in the contract under which they were sold and delivered. The objections to the testimony were well taken.

The plaintiff was permitted to testify, over the defendant's objections, that he had sustained damages in this, that when he sold his cattle to defendant he contemplated taking a trip to Arizona, and was delayed in going by the differences arising regarding the miscount of the cattle, and that he made one or two, and perhaps three, trips to Floresville to see defendant in regard to the matter. Neither plaintiff's delay in making his contemplated trip to Arizona nor his trips to Floresville were elements of damages in the case. Even if they were, he was as much responsible for the "miscount," if there was any, as the defendant. The damages claimed on this account were remitted, and we would not notice this assignment were it not that we are compelled to reverse this case and wish to prevent such an error on another trial.

We do not think the sixth assignment of error is well taken. What we have said in regard to the second assignment applies to it, and it is unnecessary to reiterate it.

It not being shown by the record what the oral pleadings of the plaintiff were, we can not pass upon the seventh assignment of error. There is no statement subjoined to appellant's proposition under this assignment, as is required by the rules for briefing cases, and it does not fully appear from the record what was comprehended in the "statement" between the parties referred to in this assignment; and we are unable to ascertain whether the rule, that "when a full and fair settlement of matters in controversy has been arrived at between the parties, such settlement can not be opened up except for fraud or mistake, which was unknown by the party who seeks to avoid the settlement at the time when it was reached, and that such mistake must be alleged," applies in this case.

The admission of the testimony complained of in appellant's eighth assignment of error, after appellant had closed his testimony, we think, was proper. The instrument to which such testimony relates was not set out in the pleadings of defendant, and a plea of non est factum consequently could not have been interposed, if necessary to impeach its genuineness; nor could appellee have anticipated that such an instrument would be introduced in evidence if he never executed it; and when it was introduced, it was proper for the court to allow the appellee to swear in rebuttal that he had never signed it. After the appellee had denied that he had executed the contract of settlement introduced in evidence by appellant, the appellant offered to prove by a witness that he was familiar with the handwriting of plaintiff, having at different times seen him write, and

that the signature to said instrument was the genuine signature of plaintiff. The testimony was objected to upon the ground that it was not shown that such witness was an expert on handwriting; and if expert testimony, it was inadmissible, because the party was himself present testifying in relation to his signature. This was error. If one is acquainted with the handwriting of another, from having seen him write, he can testify to such handwriting, whether he is an expert or not. It is where a handwriting is sought to be proven by comparing it with a writing that is acknowledged or proven to be genuine that expert testimony is required. And if the party whose handwriting is sought to be proven should be present and deny its genuineness, it could never be established under the ruling of the trial judge in this case.

The issues in this case were complicated and required explanation, and the court, upon the request of appellant, should have submitted them to the jury by a proper charge.

The correctness of the special charges asked by appellant and refused by the court depends upon the pleadings, which are not in the record, and we will not pass upon the errors assigned on account of the court's failure to give them; but will say, from the evidence before us, that it is manifest some of them should have been given.

For reason of the errors indicated, the judgment of the County Court is reversed and the cause remanded.

*Reversed and remanded.*

Delivered December 6, 1893.