### A. J. STANGER v. H. B. DORSEY.

Decided January 13, 1900.

**1. Estoppel Must Be Pleaded.**

Matter of estoppel must be pleaded.

**2. Same—Appeal from Justice to County Court.**

In a case tried in the County Court on appeal from the Justice Court, it will not be presumed that an estoppel was orally pleaded in the Justice Court where the pleadings therein were written, and a notation of the pleadings in the justice's transcript shows no such oral plea.

**3. Same—Silence of Owner in Possession Not Estoppel.**

Where the owner of property is in actual possession thereof, his mere silence or failure to give notice of his title to one whom he knows is contemplating a purchase of it from another person, will not work an estoppel.

APPEAL from the County Court of Parker. Tried below before Hon. I. N. ROACH.

*J. W. Moyers* and *Alexander & Fain,* for appellant.

*J. M. Richards,* for appellee.

CONNER, CHIEF JUSTICE.—This suit was instituted in the Justice Court of Parker County against appellant and Walter Niles for the recovery of 1000 bales of hay or the value thereof, alleged to have been purchased from Walter Niles and the property of appellee, and to have been forcibly detained or converted by appellant. Appellant answered by general denial and assertion of title to the hay sued for. The trial resulted in a judgment for appellee against appellant for damages in the sum of $150, and adjudging that the defendant Niles be discharged without day, from which judgment an appeal was taken to the County Court. A de novo trial therein again resulted in appellee's favor, from which this appeal is prosecuted.

The main question we think it necessary to discuss arises upon the attack made upon the following clauses of the court's charge in the County Court: "The jury are further instructed that if you believe from the evidence that H. B. Dorsey bought the 1000 bales of hay sued for of and from Walter Niles, and that before paying therefor he had a conversation with defendant, A. J. Stanger, regarding his proposed purchase

from Niles, and that the said Stanger, being informed of the pending trade between Dorsey and Niles, made no claim to the said hay, and interposed no objection to Dorsey's purchasing the same, and that the said Dorsey was led to believe by the acts or words of said Stanger that the said Niles was the owner; or if you believe from the evidence that said Stanger believed or had good reason to believe that Dorsey was about to purchase the said hay from Niles, and Stanger having the opportunity so to do, failed and neglected to inform or notify said Dorsey that said Niles did not own said hay, and had no legal right to sell the same, and that said Stanger failed and omitted to give notice to said Dorsey that he, Stanger, owned said hay in whole or in part before said purchase was made by Dorsey, and that said Dorsey afterwards concluded the said purchase, paying a valuable consideration therefor, and that but for the said acts, words, and conduct of said Stanger, or but for the failure and neglect of said Stanger to give plaintiff notice of his claim to said hay, the said plaintiff would not have purchased the same of said Niles, then in case you so believe you will find for the plaintiff. On the other hand, if you believe from the evidence that Niles did not own the hay at the date he sold to plaintiff, if you believe he did sell, and if you further believe that the same was owned by A. J. Stanger and was sold without the knowledge or consent of A. J. Stanger, or that H. B. Dorsey bought the same without the knowledge of A. J. Stanger, and that said A. J. Stanger had no opportunity to notify plaintiff that he, Stanger, claimed the said hay, then in case you so believe, you will find for the defendant, A. J. Stanger."

Appellee's evidence tended to support the hypothesis submitted in the first clause of the charge quoted, but was expressly denied by appellant.

The charge is attacked on the ground that there was no plea of estoppel presented in the County or Justice Court, and that the charge quoted placed a duty upon Stanger not devolved upon him by law, and we are of opinion that the objections are well taken. In the Justice Court appellee filed what is designated as his original petition. The nature of plaintiff's claim was also indicated upon the justice's docket, as shown by the transcript, in neither of which was the matter of estoppel submitted in the County Court pleaded. As appears in the transcript before us, there appears to have been no amendment of appellee's pleading in the County Court.

The court in his charge to the jury thus states the issues between the parties, from which it will be seen an estoppel is not made to appear: "In this case H. B. Dorsey, plaintiff, claims of A. J. Stanger and Walter Niles, defendants, 1000 bales of hay (or their value, to wit, $200), which hay he claims to have bought of Walter Niles, and which A. J. Stanger, plaintiff, holds by force and refuses to allow plaintiff to get possession of. Defendant Niles admits that plaintiff's claim is just and correct, but says he is not responsible, as he delivered to or authorized plaintiff to get the hay from the wareroom of A. J. Stanger, where the same was when sold, and that said Stanger, and not himself, is liable to plaintiff. Defendant

Stanger, for answer, denies the claim of plaintiff, and says that the hay in controversy is his, that it was never owned by Niles, and that if Niles sold the same to Dorsey it was without his authority or consent."

Inasmuch as the law permits oral as well as written pleadings in the justice court, and from thence on appeal in the county court, we are asked to presume in aid of the court's action and judgment that there was an oral plea setting up the matter of estoppel submitted.   In the case of Maass v. Solingsky, 67 Texas, 290, where the record was entirely silent as to what the pleadings were in the Justice Court, it was held that such a presumption was properly indulged.   But in the case before us there was not only written pleadings filed in the Justice Court, but a notation thereof was also made on the justice's transcript, in none of which appeared the matter in estoppel relied upon.   So far as appears in the transcript, the trial in the County Court was upon the same issues, no further statement of the pleadings appearing except as shown in the part of the court's charge above quoted, in which state of the case we think it should be held that the record affirmatively shows that the matter of estoppel was not plead, in which case it is clear that the issue should not be submitted.   Morris v. Long, 26 S. W. Rep., 467.

It is also insisted in behalf of appellee that the fact of an oral plea of estoppel authorizing the charge objected to is shown by a bill of exception that appears to have been taken to the testimony in support of the plea.   This we have examined, and conclude that this contention can not be sustained.   The only statement found in the bill of exception referred to, relating to the question, is found in the court's explanation relating thereto, which is as follows:   "This was an appeal case from Justice Court, and plaintiff having claimed that he had pleaded an estoppel orally in both Justice and County Court, the court ruled that the written plea of estoppel was not a prerequisite to the introduction of such evidence."   We think that the statement that the plaintiff claimed to have so pleaded is not sufficient to establish the fact necessary to support this phase of appellee's case.

Irrespective, however, of the question as to whether there were pleas of estoppel in the justice and county courts, we think the law as submitted by the learned judge below too broadly stated.   As alleged and shown by the evidence, the hay for which appellee sued was in the actual possession of appellant, and it certainly can not be the law that the owner of personal property in his actual possession is required to seek out all persons that he may have reason to believe are about to purchase the same, in order to give notice of his title.   Under such circumstances, it is the duty of the purchaser, or proposed purchaser, to inquire of the owner by what right or title he holds such actual possession.   Where mere silence and passive conduct are relied upon as constituting an estoppel to the assertion of title to property, it must not only appear that such silence or passive conduct actually misled another to his injury, but also that it was the *duty* of the owner to speak.   See Bigelow, Estop., 570, et seq., and authorities therein cited; also Scoby v. Sweatt, 28

Texas, 730; Burleson v. Burleson, Id., 415; Security Co. v. Caruthers, 11 Texas Civ. App., 430.

We think there was error in the charge given, for which the judgment should be reversed and the cause remanded, and it is so ordered. ..

<em>Reversed and remanded.</em>