KELLY v. COLLINS et al. (No. 7810.)

(Court of Civil Appeals of Texas. Dallas. Oct. 27, 1917.)

1. JUSTICES OF THE PEACE ☞91(1) — STATEMENT OF CAUSE OF ACTION.

The statement of plaintiffs' cause of action on the docket of the justice of the peace: "Suit upon damages for $150.00 of date ——— due ——— interest ——— per cent,"—was not as full and accurate a statement of plaintiffs' cause of action as defendant was entitled to.

2. JUSTICES OF THE PEACE ☞174(24)—IMPERFECT STATEMENT OF CAUSE OF ACTION—REMEDY OF DEFENDANT.

The county court correctly refused to sustain defendant's motion to strike out the transcript from the justice court and dismiss the appeal; defendant's remedy for the general and imperfect statement of plaintiffs' cause of action being the presentation of a special demurrer thereto.

3. APPEAL AND ERROR ☞1082(2) — FAILURE TO OBJECT BELOW—WAIVER.

Defendant, having failed to except to the statement in justice court of plaintiffs' cause of action, either in that court or in county court on appeal, cannot ask the Court of Civil Appeals to reverse the county court's judgment against him because of the imperfect statement.

Appeal from Dallas County Court; T. E. Work, Judge.

Suit by E. M. Collins and others against William Kelly. From a judgment for plaintiffs, defendant appeals. Judgment affirmed.

H. I. Phillips and J. T. Kelly, both of Dallas, for appellant. McCutcheon & Church, of Dallas, for appellees.

TALBOT, J. This suit was brought in the justice court of precinct No. 1, Dallas county, Tex., on the 27th day of August, A. D. 1914, by the appellee E. M. Collins and wife, Lizzie Collins, against Wm. Kelly, the appellant herein, for damages in the sum of $150.

[1-3] The defendant answered and a jury trial, March 30, 1915, resulted in a verdict and judgment in favor of the plaintiffs for the sum of $35. From this judgment the de-fendant appealed to the county court, and in that court a jury trial resulted in a verdict and judgment for the plaintiffs in the sum of $87.50, from which the appeal to this court is prosecuted. In the county court the defendant filed and urged a motion to strike out the transcript and dismiss the appeal from the justice court on the ground that said transcript did not contain a statement of the nature or character of plaintiff's cause of action, did not inform or advise the defendant of the time of the accrual of plaintiff's cause of action or whether it was one arising ex contractu or ex delicto. The statement of the plaintiff's cause of action upon the docket of the justice of the peace is: "Suit upon damages for $150.00 of date ——— due ——— interest ——— per cent." This is not as full and accurate a statement of the plaintiff's cause of action as the defendant was entitled to, but the county court correctly refused to sustain defendant's motion and strike out the transcript from the justice court and dismiss the appeal. The defendant's remedy for the general and imperfect statement of plaintiff's cause of action was the presentation of a special demurrer thereto, and not a motion to strike out the transcript and dismiss the appeal. The record fails to disclose that he sought to avail himself of this remedy either in the justice court or in the county court. Having thus failed to except to the statement of plaintiff's cause of action, he is in no position to ask this court to reverse the judgment rendered against him.

The judgment of the county court is therefore affirmed.

Affirmed.