### LUNDELL v. GRIESENBECK. (No. 6715.)

(Court of Civil Appeals of Texas. San Antonio. March 8, 1922. Rehearing Denied April 12, 1922.)

Justices of the peace ⬤⟾44(1)—Statement on docket of justice of the peace held to state amount sued for, regardless of statement in citation.

Under Rev. St. art. 2326, providing that pleadings in a justice's court shall be oral except where otherwise specially provided, but that a brief statement may be entered on the docket, a statement on a justice's docket showing that an action on an account was for $120.-43 must be taken as correct, notwithstanding a statement in a citation to defendant that the amount sued for was $210.43.

Appeal from Bastrop County Court; J. B. Price, Judge.

Action by H. O. Griesenbeck against J. C. Lundell. From judgment for plaintiff before justice, defendant appealed to the county court. Modified and affirmed, and defendant appeals. Affirmed.

Fowler & Fowler, of Bastrop, for appellant.

FLY, C. J. This suit originated in the justice's court, and the transcript of the record of the justice of the peace as well as the verified account show that the action was for $120.43. There is nothing in the transcript nor the account to indicate that any other sum is claimed, although in the citation it is stated that the claim was for $210.43; the sum of $100 being for damages. The justice of the peace rendered a judgment for $120.43 against appellant, the amount of the account. On appeal to the county court, judgment was against appellant for $85.30.

The suit was based on an open account, appellant having agreed at the time he bought the groceries to pay 8 per cent. interest per annum on the amount of the account.

The first, second, and third assignments of error assail the action of the county court in overruling certain "demurrers and exceptions to the plaintiff's cause of action, as contained in the citation." Appellee filed no written pleadings, and his cause of action can only be ascertained from the entries on the docket of the justice of the peace and the verified account filed by him. They show the claim was for $120.43, and they cannot be destroyed by the contents of the citation. Jurisdiction of a court is fixed by the pleadings, when such pleadings are not tainted by fraud. The pleadings in the justices' courts are oral, except where otherwise specially provided, and a brief statement thereof may be entered on the docket. Rev. Stats. art. 2326. The cause of action is ascertained from that statement. Railway v. Anderson, 85 Tex. 88, 19 S. W. 1025; Rector v. Mill Co., 100 Tex. 591, 102 S. W. 402. As said in Wooley v. Corley, 57 Tex. Civ. App. 229, 121 S. W. 1139:

"The citation is not a part of the pleading of the plaintiff in the justice court. * * * It is a writ which the justice of the peace is required to issue and with which the plaintiff presumably has no connection. It is issued in advance of the appearance of the parties for trial and pleading. It may or may not contain a statement of the cause of action as pleaded by the plaintiff. Certainly the law will not presume that it does."

In the case under consideration, in order to sustain appellant's contention, we would be compelled to presume, not only that the citation was correct, but also that the statement on the docket, required by law, was incorrect.

All of the other assignments of error are without merit and are overruled.

The judgment is affirmed.

---

⬤⟾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes