## D. B. CLONTS ET AL. V. J. D. JOHNSON.

No. 4773.  Decided May 18, 1927.
(294 S. W., 844).

### 1.—Practice on Appeal—Briefs—Copying Assignments of Error.

Where appellant fails to copy or substantially embrace in his brief any assignments of error, the Court of Civil Appeals should confine its consideration of the case to fundamental error apparent on the face of the record; it has no discretion to consider other propositions presented in the brief as grounds for reversal, though the ends of justice be thought to so require and they were raised by motion for new trial.  (Pp. 492, 493).

### 2.—Absence of Assignments—Fundamental Error—Jurisdiction.

The rule that the record must show an affirmative allegation that the value of property on which foreclosure of a mortgage lien is sought in a court of limited jurisdiction is within the jurisdiction of such court does not apply to the transcript of proceedings in a justice court when appeal is taken therefrom to the County Court.  (Pp. 493-495).

### 3.—Same—Value of Property in Foreclosure.

When the recitals of judgment of a justice court in a case appealed therefrom to the County Court show affirmatively that the property upon which the foreclosure of a mortgage lien is sought and recovered is of greater value than two hundred dollars, the jurisdictional limit of said court, and such transcript fails to disclose that any value of said property was alleged in the pleadings, no fundamental error appears on the face of the record.  (Pp. 496, 497).

### 4.—Same.

The jurisdiction, where dependent on the value of the property involved, is dependent on the pleadings, which in justice court are oral and not appearing on the record.  Judgment fixing a value thereto beyond the jurisdiction did not affect it where no plea to the jurisdiction was made on the ground that same was improperly claimed.  (Pp. 493, 497).

Questions certified from the Court of Civil Appeals for the Tenth District, in an appeal from the County Court of Hill County.

The Supreme Court referred the questions to the Commission of Appeals, Section B, for its opinion thereon and here adopt and certify same as the answer of the court.

*R. W. Cowan,* for plaintiffs in error.

Where a judgment in the justice court foreclosed a chattel mortgage lien showing on its face that the property upon which the mortgage is sought to be foreclosed exceeds in value the sum of $200, such record presents fundamental error.  Woodard-

Lane v. Nelson, 263 S. W., 629; Wilkerson v. Huddleston, 258 S. W., 884; Kipp Co. v. Anglin, 270 S. W., 893; Kelley v. Stevens, 136 S. W., 94.

On the second and third questions certified counsel also cited: City Natl. Bank v. Watson, 178 S. W., 657; Needham v. Austin Elec. Ry. Co., 127 S. W., 904.

*Morrow & Stollenwerck,* for defendant in error.

The brief of plaintiffs in error contains no assignment of error as a predicate for their proposition No. 1 and same will, therefore, not be by the court considered. Kibby v. Kessler, 225 S. W., 277; Watson v. Patrick, 174 S. W., 632; Hayes v. Groesbeck, 146 S. W., 328; H. & T. C. v. Thompson, 138 S. W., 1068; M. K. & T. v. Barnes, 95 S. W., 714; Hearn v. Harles, 154 S. W., 613; Horseman v. Coleman, 57 S. W., 304.

The jurisdiction of a court is determined by the demand of the plaintiff as set out in his pleadings and not by the form or amount of the verdict or by the judgment of the court. Hoffman v. Loan Assn., 85 Texas, 409; Dwyer v. Bassett, 63 Texas, 276.

MR. JUDGE SPEER delivered the opinion of the Commission of Appeals, Section B.

This cause is before us upon certified questions from the Tenth District.

The following portion of the certificate will disclose everything necessary to answers to the questions propounded:

"This suit was instituted in the Justice Court of Hill County by J. D. Johnson, defendant in error herein, against Amos Durham, S. D. Durham, the First National Bank of Waco, and plaintiffs in error D. B. Clonts and J. B. Holder. The parties will be designated as in the trial court. The justice of the peace, apparently at the time of the institution of the suit, entered on his docket the following: 'Suit on note and mortgage for $134. Filed December 30, 1924.' The docket of the justice of the peace shows that the case came on for trial on February 13, 1925, and that the plaintiff then dismissed his suit against S. D. Durham and the First National Bank. Said docket shows in that immediate connection the following:

" 'Plaintiff sues for his debt on his note and for foreclosure of a chattel mortgage and for conversion of two bales of cotton described in citation herein against J. B. Holder and D. B. Clonts.

" 'Defendants D. B. Clonts and J. B. Holder enter general denial.'

"The case was tried before a jury and the following verdict rendered:

" 'We, the jury, assess judgment against defendants as asked for and for foreclosure of the mortgage lien on the cotton described and prayed for by plaintiff.

" 'H. E. JONES, Foreman.'

"The court entered a judgment on said verdict awarding the plaintiff a judgment against Amos Durham, D. B. Clonts and J. B. Holder in the sum of $135, with interest from date and costs and a foreclosure of his mortgage on said two bales of cotton.

"Defendants Clonts and Holder prosecuted an appeal to the County Court. The record of the proceedings in that court is silent with reference to pleadings. There was a trial by jury, a verdict in favor of plaintiff against all the defendants for the sum of $131.72, and judgment in accordance with said verdict. Defendants Clonts and Holder present said judgment to this court for review by writ of error.

"The transcript contains a motion for new trial filed in the County Court by these defendants, and an order of the court overruling the same. No other or further assignments of error were filed. None of the assignments presented in said motion for new trial are copied in the brief. This court has consistently held that only fundamental error appearing on the face of the record will be considered when no assignments of error are copied in the brief. We therefore considered only such of the propositions presented by defendants as related to the jurisdiction of the justice court, in which this suit originated. Certain recitals in the judgment rendered by the justice court in this case show that the two bales of cotton upon which that court rendered a judgment of foreclosure were worth in the aggregate more than $200, the limit of jurisdiction in that court. There is no contention that these recitals were untrue. On the contrary, the statement of facts brought up with the transcript in this case shows affirmatively that said cotton in the aggregate did exceed in value the sum of $200. This court considered that said recitals in the judgment constituted a part of the 'face of the record,' and based thereon reversed the judgment of the County Court and dismissed the cause.

\*      \*      \*      \*      \*      \*      \*

"We therefore deem it advisable to present for your determination the following questions of law:

### "FIRST QUESTION.

"Where an appellant or plaintiff in error wholly fails to copy any assignments of error in his brief, should the Court of Civil Appeals confine its consideration of the case to fundamental error apparent on the face of the record, or should it, in the exercise of its discretion, if the ends of justice require, consider the points or propositions presented in such brief as ground for reversal, notwithstanding such failure?

### "SECOND QUESTION.

"Does the rule that the record must show an affirmative allegation that the value of property upon which foreclosure of a mortgage lien is sought in a court of limited jurisdiction is within the jurisdiction of such court, apply to the transcript of the proceedings in a justice court when appeal is taken therefrom to the County Court?

### "THIRD QUESTION.

"Where the recitals in the judgment of the justice court in a case appealed therefrom to the County Court show affirmatively that the property upon which the foreclosure of a mortgage lien is sought and recovered is of greater value than two hundred dollars, the jurisdictional limit of said court, and such transcript fails to disclose that any value of said property was alleged in the pleadings, does fundamental error appear on the face of the record?

### "FOURTH QUESTION.

"Does it appear from the record in this case that the cause of action asserted by plaintiff Johnson against defendants Clonts and Holder was for conversion only, and that the same was separable from his action for foreclosure and that the justice court had original jurisdiction to hear and determine his demand against said defendants and to render a valid judgment thereon?"

The questions should be answered categorically as follows:

FIRST. Where an appellant or plaintiff in error wholly fails to copy any assignments of error in his brief, the Court of Civil Appeals should confine its consideration of the case to those fundamental errors apparent on the face of the record. Its authority to revise the action of the lower court is limited to

those questions (not fundamental) duly assigned as error and it has no discretion, even though it thinks the ends of justice require such course, to substitute a method of its own for reviewing the judgment of the lower court for that method prescribed by the law-making power. While it is not necessary that the assignments required to be filed below should be literally copied into the brief, yet they must be at least substantially reproduced. Rules 32 C. C. A. and 101a, D. & C. Crt.; Seby v. Craven Lbr. Co., 259 S. W., 1093; Equipment Co. v. Luse, 250 S. W., 1104; Green v. Shamburger, 243 S. W., 601; Cary v. Texas & Pac. Coal & Oil Co., 237 S. W., 309; Green v. Hall, 228 S. W., 183. There is a substantial difference between an assignment of error and a proposition submitted thereunder. The one complains of some action of the court and the other merely sets forth the reasons why such action is erroneous. It takes the assignment to reach the ruling, and it is the ruling that is to be reviewed by the appellate court. Roberson v. Hughes (Texas Com. App.), 231 S. W., 734; McDaniel v. Turner, 269 S. W., 496; International Travelers' Assn. v. Griffing, 264 S. W., 263; Ford & Damon v. Flewellen, 264 S. W., 602; Chenault v. Honaker, 261 S. W., 825.

SECOND: The rule so often repeated in the decisions that the record must show affirmatively that the amount in controversy in the trial court was within the jurisdiction of that court does not apply to the transcript of the proceedings in a justice court when appeal is taken therefrom to the County Court.

Jurisdiction under our system in most cases is determined by the amount in controversy and this is true whether the suit be in the District Court, the County Court, or the Justice Court. All of our courts under our scheme of jurisdictions are courts of limited jurisdiction, yet all of the courts named are courts of general jurisdiction within the limits of the Constitution fixing jurisdiction.

In all cases, the pleadings determine the amount in controversy, and therefore the jurisdiction, of the particular cause of action asserted. Dwyer v. Bassett, 63 Texas, 274; Hoffman v. Cleburne B. & L. Assn., 85 Texas, 409, 22 S. W., 154.

It is not the truth of the allegations that determines the jurisdiction, but it is the amount claimed in the petition (or other jurisdictional fact) that controls such matter. A petition asserting an amount, or fact, bringing the case within the jurisdiction of the trial court confers jurisdiction on that court, even though the evidence may show, and the court may find, against

such allegation.   Dwyer v. Bassett, supra; Hoffman v. Cleburne B. & L. Assn., supra.

Of course if such allegation showing jurisdiction is fraudulently made for the purpose of conferring jurisdiction, that fact may be put in issue by a proper plea, and the jurisdiction will then depend upon the verdict of finding upon such contested issue.   But in the absence of such contest of jurisdiction, the allegations of the petition will be accepted as conferring jurisdiction.

Under our statutes the pleadings in the justice court in civil cases are oral, but it is nevertheless true that such pleadings determine the amount in controversy precisely the same as do written pleadings, for whether the pleadings are written or oral, they are essential to a recovery and they necessarily determine the extent of the possible recovery.   There can be no recovery in the absence of pleadings.   Young Men's C. A. of Dallas v. Schow Bros., (Tex. Civ. App.) 161 S. W., 931; Alvis v. John G. Harris Hardware & F. Co., (Tex. Civ. App.) 218 S. W., 538.

So that, in all cases in order for a reviewing court to determine the jurisdiction of a trial court, it is necessary for it to have before it the pleadings upon which the cause was determined, whether such pleadings be written or oral.   The necessity and reason are the same in both cases.

Now, in appeals from causes originating in the county court or the district court where such proceeding is by statute required to be upon written pleadings, such pleadings necessarily constitute a part of the record in the higher courts, while in those cases originating in the justice court and which reach the Court of Civil appeals through an appeal to the county court, the trial being authorized in both the justice and the county courts upon oral pleadings, such pleadings are not ordinarily shown in the appeal to the Court of Civil Appeals, and can only appear by agreement, or testimony in the record, or be evidenced by a proper bill of exceptions.   Williams v. Deen, 5 Texas Civ. App., 575, 24 S. W., 536.

It is true the statute prescribing that the pleadings in the justice court may be oral likewise prescribes that a brief statement of the same may be made by the justice on his docket, but this is merely a "brief statement," and is in no sense at all the pleadings themselves. It is not the province of this brief statement to set forth the full pleadings.   Such pleadings are permitted by law to be oral and where a party has thus pleaded his case in such court, the court cannot lose its jurisdiction for want of a correct statement by the justice.   In the absence of evidence showing

what the pleadings were in the justice court, or in the county court as to that, on appeal from the justice court where the trial is *de novo*, there is a presumption that the pleadings were oral. Austin & N. W. Ry. Co. v. Anderson, 85 Texas, 88, 19 S. W., 1025; Davis v. Sorrenson, (Texas Civ. App.), 27 S. W., 209; Patty v. Gibson, (Texas Civ. App.), 23 S. W., 392; Williams v. Deen, 5 Texas Civ. App., 575, 24 S. W., 536; Heidenheimer S. & Co. v. Houston & T. C. Ry. Co., (Texas Civ. App.), 197 S. W., 886. And therefore such pleadings are not necessarily shown in an appeal from such judgment. It is not contemplated by the Legislature that they should be. It is only where some question of their sufficiency arises and the party complaining sees fit to bring such pleadings before the reviewing court, that they do appear in the record.

The expression so frequently found in the decisions, that the record must show affirmatively the jurisdiction of the trial court will be found to have occurred in those cases where the pleadings were properly before the reviewing court.

An examination of the cases cited by the Court of Civil Appeals in its opinion prepared in this cases and those relied on for a dismissal will show that they are cases in which the pleadings were before the appellate court and it therefore became a question of construction of the pleadings.

While most of the cases referred to are decisions by the Court of Civil Appeals, all of them go back to the Supreme Court decision of Cotulla v. Goggan & Bros., 77 Texas, 32 S. W., 742. That was a suit originating in the justice court to recover a balance of $155.11 due upon a written contract and to foreclose a mortgage upon a piano. In the justice court a plea to the jurisdiction was filed in which it was alleged that the piano exceeded in value the sum of $200. It was held that:

"If the justice court did not have jurisdiction by reason of the value of the property upon which the lien was sought to be enforced, the want of jurisdiction could not be cured in the district court by an abandonment of the claim of lien; and that although plaintiffs may have dismissed in the district court so much of their action as sought to enforce the mortgage, yet it was the right of the defendants to insist upon their dilatory plea and prove that the value of the piano exceeded $200, and thereby to defeat the jurisdiction and secure a dismissal of the suit."

So that, this parent case is one where the real issue of jurisdiction *under the pleadings* in the justice court was before the Supreme Court for decision, and it cannot, nor can the many cases following it, be construed unqualifiedly as an authority for

the broad proposition that in all cases the jurisdiction of the trial court must affirmatively appear in the record.

Another case by the Supreme Court involving in a measure, the question under consideration, is Pecos & N. T. Ry. Co. v. Canyon Coal Co., 102 Texas, 278, 119 S. W., 294. That was a certified question from the Court of Civil Appeals for the Second District, in which the court uses the following language:

"From the statement which accompanies the certified question, we conclude that the cause of action set up in the amended petition filed in the county court was the same as that set up in the justice court. * * * The amount in controversy in this case was the sum of $253.50, and of that sum the justice court had no jurisdiction. After the suit was instituted the plaintiff could not be permitted to remit a portion of the claim sued upon for the purpose of bringing his action within the jurisdiction of the justice court."

So that, it would appear in this case also the Supreme Court had before it for consideration the *pleadings* of the justice court, where the cause originated.

There is a conflict of views amongst various Courts of Civil Appeals upon the question whether or not a petition in the county court upon a monied demand within the jurisdiction of that court, seeking in addition a foreclosure of a lien upon personal property, the value of which is not stated, is sufficient to show affirmatively jurisdiction in that court. That question is not before us, and we are not deciding it. Under the facts certified, it is clear the pleadings in neither the justice court nor the county court are shown. Under the law they are permitted to be orally stated, and presumptively they were so stated, and neither court is shown wrongfully, to have assumed jurisdiction of the case. Silberberg v. Trilling, 82 Texas, 523, 18 S. W., 591.

THIRD: From what we have already said it will appear the Honorable Court of Civil Appeals was not authorized to consider the evidence or the judgment in the justice court upon the issue of amount in controversy. That issue is determined wholly by the pleadings. The judgment of the justice of the peace, if that matter were properly up for review, might be held to be erroneous as beyond his jurisdiction, but would prove nothing of the pleadings. It could not be presumed to be supported by pleadings, for that presumption of law is one of regularity and not irregularity. The entry of such judgment by a justice of the peace could not be regular in any event and therefore there can be no presumption to support it. This question concludes: "And such transcript (from the justice court) fails to disclose that any

value of said property was alleged in the pleadings, does funda-
mental error appear on the face of the record?" Since, as we
have shown, the transcript from the justice court did not contain
the pleadings in the justice court, upon which alone jurisdiction
depended, it of course follows that no fundamental error appeared
on the face of the record.

What we have said makes it unnecessary to answer the fourth
question.

It is true generally that upon appeal to the Court of Civil
Appeals the jurisdiction of the trial court must affirmatively
appear from the record. When the proceedings originates in the
trial court, it must appear from the pleadings which are required
to be contained in the transcript. Where it originates in the
justice court, it must appear as an appeal; when in the absence
of a showing to the contrary in the record, it will be presumed
the justice court had jurisdiction. With this presumption obtain-
ing, the county court is shown to have jurisdiction, at least prima
facie. It is like a pleading showing jurisdiction; it is good until
attacked. Until the vice appears jurisdiction attaches. Thus the
jurisdiction of the county court affirmatively appears. To hold
otherwise would be to require the transcript to that court to
contain matter not contemplated by the practice statutes appli-
cable.

We therefore recommend that the questions certified be
answered as herein shown.

Opinion of the Commission of Appeals answering certified
questions adopted, and ordered certified to the Court of Civil
Appeals.

*Thos. B. Greenwood,* Associate Justice.
*William Pierson,* Associate Justice.