## SUMMIT v. HILTON.   (No. 3070.)

Court of Civil Appeals of Texas. Amarillo.
Sept. 26, 1928.

Rehearing Denied Oct. 17, 1928.

Lockhart & Garrard and F. D. Brown, all of Lubbock, for appellant.

Vickers & Campbell, of Lubbock, for appellee.

RANDOLPH, J. This suit was instituted in the justice court of Lubbock county by appellant, as plaintiff, against Joe Hilton, as defendant, to recover the sum of $125. On trial in justice court, the plaintiff recovered judgment. The case was then appealed to the county court, and in that court the trial judge, after hearing the evidence, instructed the jury to return a verdict for the defendant, which was accordingly done, and judgment rendered on such verdict in favor of the defendant, and from this judgment this appeal has been taken.

The evidence shows that the parties entered into a trade for a secondhand Chrysler auto. The plaintiff claims that he and the defendant agreed to trade for such Chrysler auto upon the following terms: The defendant sold the Chrysler for the sum of $850 to the plaintiff, such consideration being paid as follows: The sum of $90 cash, a secondhand Essex automobile at the agreed price of $250, and the balance in notes secured by a lien on the Chrysler car. Plaintiff testifies that upon these terms, together with certain brokerage and insurance charges, he accepted the Chrysler car, paid the $90 cash, turned over the Essex car to defendant, and signed a combination mortgage and note, providing for 12 monthly payments of the balance of the consideration; that he did not read the mortgage note, but signed same, relying on the trade as made between him and defendant. The evidence shows that the mortgage note was transferred by the defendant to an automobile finance company. It further appears that, as soon as the plaintiff discovered that he was being charged an excess of $125, or, in other words, when he discovered that he had only been allowed $125 for his secondhand Essex car, instead of $250, as he claims the trade to have been, he demanded the repayment of the $125 from the defendant.

The defendant's evidence directly and flatly contradicted plaintiff's claim; hence, there was an issue of fact, which should have been submitted to the jury, unless the defendant's contentions that a mistake on the part of one of the parties to a contract is no ground for the avoidance of such contract, and is no ground for relief from such contract, except where such mistake was induced by the fraud of the other, and that no fraud or misrepresentation was alleged, be found to be correct, and that the action of the trial judge was therefore correct, when he instructed a verdict for the defendant.

Among other requirements with reference to the procedure in justice court, subdivision 4 of article 2382, Revised Civil Statutes, provides:

"A brief statement of the nature of the plaintiff's demand or claim, and the amount claimed, and a brief statement of the nature of the defense made by the defendant, if any" shall be entered on the docket of the court.

The required entry was made on the justice docket in this cause. After the style and number of the cause and entries showing costs, the docket recites, "Suit upon docket for $125.00," followed by various representations as to the issuance of citation, etc., and further followed by the judgment of the justice of the peace in the cause.

To require the plaintiff to have entered the details of his pleading further than this would have negatived the provision of article 2388, Revised Civil Statutes, that the pleadings shall be otherwise oral. What the oral pleadings were is not shown by the record. It was incumbent upon the defendant to raise the question here, to show that the oral pleadings of plaintiff did not cover the matter of mutual mistake and fraud. For the reason that the record is silent as to the existence of such pleadings in the justice court and in the county court on trial de novo, we overrule this contention. Lundell v. Griesenbeck (Tex. Civ. App.) 239 S. W. 635; Fort Worth & D. C. R. Co. v. Brewer (Tex. Civ. App.) 1 S.W.(2d) 686, and authorities there cited.

The evidence, though conflicting, presenting an issue of fact, this issue should have been left to the jury for its determination. Heatherly v. Little (Tex. Civ. App.) 40 S. W. 445; Ater v. Rotan Grocery Co. (Tex. Civ. App.) 189 S. W. 1106; Orr v. McDaniel (Tex. Civ. App.) 5 S.W.(2d) 175.

For the errors indicated, the judgment of the trial court is reversed and remanded for a new trial.