**GALVESTON, H. & S. A. RY. CO. v. MAS-TERS et al. (No. 879.)**

Court of Civil Appeals of Texas. Waco. Jan. 9, 1930.

A. P. McCormick and Spivey & Spivey, all of Waco, for appellant.

Higgins & Glass, of Marlin, for appellees.

GALLAGHER, C. J. This case originated in the justice court. A trial in the district court on appeal resulted in a judgment· in favor of appellees, J. E. Masters and B. M. Ross, against appellant Galveston, Harrisburg & San Antonio Railway Company, for the sum of $170.23, from which judgment this appeal is prosecuted.

## Opinion.

Appellant contends that the trial court was without jurisdiction to hear and determine appellees' cause of action, because they sued to recover damages and attorney's fees amounting in the aggregate to more than $200. Appellees' cause of action consisted of claims for damage for injuries to two separate shipments of live stock. The first shipment involved was two carloads of hogs, shipped from Lott to Houston, Tex., and the second was two carloads of cattle shipped from Fort Worth to Lott, Tex. Appellees' pleadings in the justice court appear to have been oral. The notation on the justice's docket reads: "Suit upon claim for damages to livestock and· for attorney's fees, 112.08." The transcript in this case contains a written petition, signed by appellees' attorneys, and purporting to have been filed in said court on October 25, 1928, on which day the trial is shown by the judgment appealed from to have begun. Appellees claimed damage in said petition for the loss of two hogs in the sum of $39.98, and the loss of four cows of the market value of $36.75 each. They claimed the further sum of $20 as attorney's fees. Said several items amounted in the aggregate to the sum of $206.98. The record shows that the parties agreed that appellees had suffered damage on the shipment of hogs in the sum of $39.98, and that if they were entitled to recover an attorney's fee, the sum of $20 was reasonable. The uncontradicted testimony shows that the market value of the cows sued for was $36.75 each. There was testimony that at the time said shipment of cattle arrived at Lott one cow was dead, one dying, and two others were showing visible marks of injury; that one of said injured cows died that night and the other shortly thereafter. There was also testimony tending to show that the two injured cows did not die, but recovered from their injuries. The jury, in response to special issues, found that the death of three of said cows was caused by the negligence of appellant. The court thereupon rendered the judgment here presented for review.

▮ Appellees concede that they could not enlarge their demands in the district court on appeal to an amount exceeding $200, the limit of justice court jurisdiction. Texas Power & Light Co. v. Hale (Tex. Com. App.) 283 S. W. 495 et seq. They contend, however,

in substance, that where oral pleadings on appeal are permitted, notwithstanding a written pleading is found in the transcript, the court will presume that there were oral pleadings in addition thereto of such character as to support the judgment rendered. They cite in support of said contention Fort Worth & D. C. Ry. Co. v. Brewer (Tex. Civ. App.) 1 S.W.(2d) 686, and Clonts v. Johnson, 116 Tex. 489, 294 S. W. 844. The rule announced in the cases so cited applies when no pleadings are shown, or when the pleadings shown are insufficient by reason of the omission of allegations necessary to support the recovery. However, no additional oral allegations can be presumed in conflict with the pleadings actually shown in the record. Alvis v. John G. Harris Hdw. & Furniture Co. (Tex. Civ. App.) 218 S. W. 538, 540; Harrington Lumber Co. v. Smith, 44 Tex. Civ. App. 363, 99 S. W. 110, 111; Gulf, C. & S. F. Ry. Co. v. Goodman (Tex. Civ. App.) 189 S. W. 326, 327, pars. 4 and 5; Fike v. Allen (Tex. Civ. App.) 269 S. W. 179, 180, par. 1. Since the record in this case shows affirmatively that appellees' demands exceeded the sum of $200, no mere presumption to the contrary can be indulged.

Appellees also contend that after pleading in the district court as an element of their damage the loss of four cows, they amended their pleadings orally and claimed damages for only three cows. They have filed in this cause an application for a writ of certiorari to the clerk of the court below, directing him to complete the record by sending up such amended plea. Appellant has filed an answer resisting the granting of said application. Both said application and the answer thereto are verified. According to the allegations thereof, the pleadings of both parties in the district court were oral. It further appears that it was agreed at the time that such pleadings should be taken down by the stenographer, transcribed, and copies thereof furnished the parties; that such copies should be examined, corrected, and signed by the respective attorneys and filed as a part of the record in the case; and that this was done. Appellees do not contend that they did not actually plead orally all the matters set out in their written plea on file, including a claim for the loss of four cows. Their contention, in effect, is that an oral amendment was subsequently made eliminating any claim for loss of one of the cows. They do not contend that said amendment was ever transcribed, signed, or filed as part of the record in the case. Oral pleadings in the trial court cannot be considered by this court unless incorporated in the record in some authorized manner. Our Supreme Court, speaking on this subject through Mr. Justice Stayton, in Maass v. Solinsky, 67 Tex. 290, 291, 3 S. W. 289, said:

"When an appeal is taken from any judgment of a district court to this court, it must be informed as to what the cause of action was, either through the pleadings made a part of the transcript, or by an agreed case made as the statute permits.

"In a case originating in a justice's court, this must be shown to this court by the entries made in the justice's docket, by pleadings filed in the case, if any, or by an agreed case; and, if it does not appear what the cause of action was, through a transcript which shows it in some of these methods, this court cannot revise the action of the district court; for unless it knows what was tried, it cannot know whether there was error or not."

The Commission of Appeals, speaking through Judge Speer, in Clonts v. Johnson, 294 S. W. 844, 847, par. 13 said: "The trial being authorized in both the justice and the county courts upon oral pleadings, such pleadings are not ordinarily shown in the appeal to the Court of Civil Appeals, and can only appear by agreement, or testimony in the record, or be evidenced by a proper bill of exceptions. Williams v. Deen, 5 Tex. Civ. App. 575, 24 S. W. 536." The opinion of the Commission of Appeals in that case, being in reply to certified questions, was adopted by the Supreme Court and thereby given full precedential effect. R. S. art. 1759. See also Reed v. Tom (Tex. Civ. App.) 2 S.W.(2d) 909, 910, par. 4.

Appellant does not concede that such an amendment was pleaded. If pleaded, it has never been made a part of the record in the manner required by the decisions of our Supreme Court. It is made to appear by affidavit that the docket of the trial court shows that appellees were allowed to amend their pleadings as originally stated before the jury, and to add one cow to their items of damage. Said docket entry is not shown to be sufficiently specific to authorize this court to substitute it on the point at issue for the formal pleadings corrected, signed, and filed by appellees as a part of the record in this case. If made after appellees had first orally stated their cause of action to the jury, as indicated by its terms, it was authority to enlarge such cause of action by adding one cow, instead of authority to diminish the same by eliminating one cow. Such entry shows in effect a mere leave to amend. While docket entries may for certain purposes be considered a part of the record, we do not think that a mere entry of leave to amend can take the place on appeal of the amendment authorized thereby. The application discloses nothing except said docket entry which the clerk could copy, certify, and transmit to this court as a part of the record in this cause, and further discloses that said entry is insufficient in itself to show that the pleadings on which the case was tried asserted a cause of action within the appellate

jurisdiction of said district court. The jurisdiction of that court must, of course, be determined by the pleadings before it at the trial. Neither such pleadings nor such jurisdiction can be shown by affidavits filed in this court. Texas & Pacific Ry. Co. v. Hood, 59 Tex. Civ. App. 363, 125 S. W. 982, 984. We are therefore unable to consider other affidavits submitted by appellees in connection with said application. The writ of certiorari applied for is therefore denied.

The judgment of the trial court is reversed, and the cause remanded with instructions to dismiss the case, unless appellees shall so modify their cause of action as to bring it within the original jurisdiction of the justice court.