**PENROD et al. v. VON WOLFF.**

No. 4525.

Court of Civil Appeals of Texas. Amarillo.

Jan. 20, 1936.

Rehearing Denied Feb. 10, 1936.

Vickers, Campbell & Evans, of Lubbock, for appellant.

Vaughn E. Wilson, of Lubbock, for appellee.

## HALL, Chief Justice.

Appellee, Von Wolff, filed this suit in the justice court of precinct No. 1, Lubbock county, against J. I. Penrod, J. E. Toles, and R. H. Mott, to recover $133.10.

It appears from the briefs that Von Wolff did some painting and paper hanging in Penrod's residence upon some kind of an agreement under which Penrod and Toles Motor Company would deliver him an automobile, and the value of the work done by Von Wolff would be considered the first payment on the car when delivered. We gather these facts from the briefs of counsel.

The transcript from the justice court has only this notation of the plaintiff's cause of action: "Suit upon labor, breach of contract, etc., for $133.10, interest, attorney's fees." The transcript fails · to show any notation of any pleading by either of the defendants.

Von Wolff recovered judgment against all three of the defendants in the justice court. The defendants appealed to the county court, where Von Wolff again recovered a judgment for the amount sued for.

The record shows that the defendants filed no written pleading in either court, and, if they pleaded orally, no notation was made upon the docket.

Revised Statutes, art. 2388, provides that pleadings in the justice court shall be oral, except where otherwise specially provided, but a brief statement thereof may be noted on the docket. The law is settled in this state that, where no written pleadings are filed nor a brief statement of oral pleadings, if any, are noted on the docket, this mandatory article of the statute has not been complied with. Pleadings, either oral or written, are necessary in justice courts, and it is also necessary that a notation of oral pleadings be made upon the docket in order that the appellate courts may acquaint themselves' with the issues made in the trial courts.

Judge Stayton ·said, in Maass v. Solingsky, 67 Tex. 290, 3 S.W. 289: "When an appeal is taken from any judgment of a district [or county] court to this court, it must be informed as to what the cause of action was, either through the pleadings made a part of the transcript, or by an agreed case made as the statute permits. In a case originating in a justice's court, this must be shown to this court by the entries made on the justice's docket, by pleadings filed in the case, if any, or by an agreed case; and, if it does not appear what the cause of action was, through a transcript which shows it in some of these methods, this court cannot revise the action of the district court; for unless it knows what was tried, it cannot know whether there was error or not."

In Clonts v. Johnson, 116 Tex. 489, 294 S.W. 844, 847, the Commission of Appeals said: "The trial being authorized in both the justice and the county courts upon oral pleadings, such pleadings are not ordinarily shown in the appeal to the Court of Civil Appeals, and can only appear by agreement, or testimony in the record, or be evidenced by a proper bill of exceptions. Williams v. Deen, 5 Tex.Civ.App. 575, 24 S.W. 536." See, also, Reed v. Tom (Tex.Civ.App.) 2 S.W.(2d) 909; Galveston, H. & S. A. Ry. Co. v. Masters (Tex. Civ.App.) 23 S.W.(2d) 759.

In the case of Kohn v. Zaludek (Tex. Civ.App.) 38 S.W.(2d) 110, it is held that pleadings in the justice court and county court on appeal therefrom are as essential to raise issues as in courts of record, and that the presumption that oral pleadings not incorporated in the record were presented will not be indulged in to defeat the judgment nor where contrary to affirmative rulings of the court. See, also, Galveston, H. & S. A. Ry. Co. v. Masters, supra; Gulf, C. & S. F. Ry. Co. v. Goodman (Tex.Civ.App.) 189 S.W. 326; Vick v. Mobeetie Land Co. (Tex.Civ.App.), 24 S. W.(2d) 735.

Since the appellants filed no pleadings in either trial court, no judgment could be entered for them. It is said that courts have no more power until their action is called into exercise by some kind of pleading to render a judgment in favor of any person than they have to render judgment against a person until he has been brought within the jurisdiction of the court in some method recognized by law as sufficient. Dunlap v. Southerlin, 63 Tex. 38; Moore v. Jones (Tex.Civ.App.) 278 S.W. 326; Edinburg Irr. Co. v. Paschen (Tex.Civ.App.) 223 S.W. 329; Id. (Tex.Com.App.) 235 S.W. 1088.

The rendition of a judgment without pleadings to support it presents fundamental error. Jones v. Womack-Henning & Rollins, Inc. (Tex.Civ.App.) 53 S.W. (2d) 635; Short v. Stephens (Tex.Civ. App.) 44 S.W.(2d) 466.

There is a host of cases asserting the rule that the judgment must accord with and be warranted by the pleadings as well as by the proof. This rule is fundamental and applies alike to the plaintiff and the defendant. Baker v. Shafter (Tex.Com.App.) 231 S.W. 349; Phelps v. Connellee (Tex.Com.App.) 285 S.W. 1047.

The citation is copied in full in the transcript, but the citation does not take the place of pleadings, and this court is not permitted to look to the citation in order to ascertain the issues made in the trial court. Welsh v. Chapman (Tex.Civ.App.) 87 S.W.(2d) 293; Howell v. Johnson (Tex.Civ.App.) 46 S.W.(2d) 463; Upham Gas Co. v. Veasey (Tex.Civ.App.) 28 S. W.(2d) 233.

It results from the condition of the record, as hereinbefore set out, that the plaintiff's cause of action is sufficiently stated under the statute, Summit v. Hilton (Tex.Civ.App.) 9 S.W.(2d) 767, though there is authority to the contrary, Kelly v. Collins (Tex.Civ.App.) 198 S.W. 396. We think the Summit Case states the proper rule.. There is evidence in the record to support the plaintiff's contention, but, because the appellant filed no written pleadings, and there is no notation upon the dockets of either trial court showing that he pleaded orally, we cannot assume that he did plead. Without pleadings the court could not have rendered judgment for him according to the authorities above cited.

Following Maass v. Solingsky, the presumption is that the judgment of the county court is correct, and, in the absence of a transcript showing to the contrary, its judgment will be affirmed.

Affirmed.